THE STATE, THE CLARK THREAD COMPANY ET AL., PROSECUTORS, v. THE INHABITANTS OF THE TOWN-SHIP OF KEARNY, THE ASSESSOR OF SAID TOWNSHIP AND THE BOARD FOR THE EQUALIZATION OF TAXES FOR THE COUNTY OF HUDSON.

1. Under the act of April 4th, 1873 (*Pamph. L., p.* 796), the county board must adjudge that the value of property contained in any duplicate is relatively less than the value of other property in the county before it can act.

2. The proviso contained in the sixth section of said act makes the direction in said section to give notice to taxpayers, in the manner therein prescribed, directory. Failure to give notice in the mode specified in said section will not invalidate the proceedings, provided reasonable notice in some other manner is given.

On *certiorari*.

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutors, *Vredenburgh & Garretson* and *Babbitt & Lawrence*.

For the defendants, *Edward Kenny, James E. Howell, Joseph M. Noonan and John A. McGrath*.

The opinion of the court was delivered by

VAN SYCKEL, J. The complaint of the prosecutors in this case is that the state school tax and the county tax was unlawfully apportioned.

The county and state school tax in the county of Hudson is apportioned by a board created for that purpose by the act of April 4th, 1873. *Pamph. L., p.* 796.

This board takes the place of the board of assessors under the general tax law.

This board, in August, 1891, determined that the duplicate of the township of Kearny was relatively less than the value of other duplicates in said county, and thereupon added to the ratables as returned to them by the assessor of Kearny fifty per cent., and immediately, without notice, made the apportionment of county and state tax upon the increased valuation, thereby raising the quota of Kearny township from $29,256.07 to $43,883.52.

This action of the board was certified into this court in November, 1891.

The county board of commissioners under this act is not vested with all the powers of commissioners of appeal under the general tax laws, but the authority to raise the whole duplicate is limited to the single instance when it shall appear that the value of property contained in any duplicate is relatively less than the value of other property in the county. The board must adjudge that such irregularity exists before it can act, and then the percentage must be added to the total value of all the property contained in the duplicate. *State* v. *Carragan,* 8 *Vroom* 264; *State* v. *Anderson,* 9 *Id.* 173.

In these respects the action of the board conformed to the requirements of the statute.

The alleged infirmity in the proceedings is found in the failure of the board to comply with the provision of the sixth section of the act of 1873.

The sixth section requires that on the second Wednesday in June, or as soon thereafter as the commissioners can, they shall return to each assessor their assessment abstracts as adjusted and corrected by them, and each assessor shall forthwith serve on every taxpayer in his district a notice containing the valuations which have been made against him, which notice shall contain the fact that the taxpayer may appear

before the commissioners within ten days to appeal from such valuations.

The commissioners exercised a discretion affecting the property of the taxable inhabitants of Kearny, and the prosecutors insist that the persons thus affected were entitled to notice that they might be heard in defence of their rights.

The defendants insist that the failure to give notice is not fatal to the proceedings complained of for two reasons:

The first is, that the prosecutors had an ample remedy by appeal to the township commissioners of appeal.

The ninth section of the act of 1873 provides that after the county board of commissioners has finally corrected all values on the assessors' abstracts of ratables, the assessors shall, in accordance therewith, make and fix the city, town and township percentages. The burden thus cast upon the township of Kearny was based upon the increased valuation established against it. Consequently, even if the prosecutors could have succeeded before the township appeal board in reducing their valuations, they would be compelled to contribute to the payment of a larger sum of money than would have been required of the township, if the county board had reduced their valuations. Relief, therefore, by appeal to the township authorities would have been incomplete and inadequate.

In the second place, the defendants rely upon the proviso in the sixth section of the act of 1873, "that no assessment shall be illegal for want of service of the notice required by said sixth section."

These two apparently contradictory declarations in the same section must be reconciled, if possible, so as to give a reasonable effect to each. If it can be avoided, we ought not to impute to the legislature the folly of expressly providing that notice shall be given, and, at the same time, saying that it shall be immaterial whether notice is given or not.

Not only does the sixth section of the act of 1873 direct that notice shall be given to every taxpayer, but it imposes on the county board the duty of hearing appeals made by such taxpayers. Without the notice the taxpayer can have no

opportunity to appeal, and there can be no appeal for the board to hear and decide.

The sixth section is evidently intended for the benefit of taxpayers where the entire valuation made by the assessor is increased. If the property of an individual taxpayer is assessed at too low a value, the eighth section of the act of 1873 provides that the county board, by giving five days' notice to the person so assessed to appear before them, shall have power to increase his assessment, if it is equitable and just to do so.

If, therefore, we hold that the proviso in the sixth section makes notice unnecessary, the legislature has carefully provided for notice to the individual whose burden may be increased, and denied the right to notice to the body of taxpayers who are to be affected by the sixth section. A saving clause in a statute, where it is directly repugnant to the purview or body of the act and cannot stand without rendering the act inconsistent and destructive of itself, is to be rejected.

A different rule applies to provisoes.

Mr. Sedgwick, in his work on Statutory Construction (page 49), says: "A curious rule of a very arbitrary nature prevails with regard to provisoes. It is that when the proviso of an act of parliament is directly repugnant to the main body of it, the proviso shall stand and be held a repeal of the purview, as it speaks the last intention of the makers."

Chancellor Kent, in volume 1 of Commentaries (page 462), says: "It is difficult to see why the act should be destroyed by the one and not by the other, or why the proviso and the saving clause, when inconsistent with the body of the act, should not both of them be equally rejected."

In *Potter's Dwarris* 117, the distinction between a saving clause and a proviso is recognized, and in *Townsend* v. *Brown*, 4 *Zab.* 80, 86, Chief Justice Green declared "that the rule had long been established that if a proviso in a statute be directly contrary to the purview of the statute the proviso is good, and not the purview, because it speaks the later intention of

the legislature." In the disposition of the case in hand that must be conceded to be the law.

What phraseology constitutes a saving clause and what a proviso does not appear to be free from doubt.

"A saving in a statute is only an exception of a special thing out of the general things mentioned in the statute." *Sedgw. Stat. & Const. L.* 47; *Dwar. Stat.* 117.

A proviso is something engrafted upon a preceding enactment and is legitimately used for the purpose of taking special cases out of the general enactments and providing specially for them. *Dwar. Stat.* 118.

Under this definition it seems that the clause in question must be classified with provisoes, and not with saving clauses, and the effect of it will be considered in that view.

The rule is that a proviso is to be strictly construed, and that it takes no case out of the enacting clause which is not fairly within the terms of the proviso. *United States* v. *Dickson*, 15 *Pet.* 141.

This will justify an interpretation which gives the narrowest possible effect to the proviso which is consistent with a reasonable reading of its language. It does not declare it to be the intention of the lawmaker that the proceedings directed to be had under the sixth section, affecting the taxables of an entire township, shall be valid without any notice whatever. It may have been used in a more restricted sense.

The manner in which the notice is to be given is specifically prescribed by the section, and it probably occurred to the draftsman that in serving notice upon the whole body of taxpayers, even with the exercise of all due care, notice would not in every instance be given in strict compliance with the statute. Therefore, the provision was incorporated "that no assessment shall be illegal for want of service of the above notice;" that is, the precise notice directed by the act. That would be a reasonable precaution entirely consistent with the act, and it would strictly effectuate the legitimate purpose of a proviso which is to take special cases out of the general enactment and provide specially for them. It was not de-

signed to dispense with notice entirely and to absolve the officer whose duty it was made in the body of the section to give notice from any effort whatever to give notice.

Without the proviso the statute would be mandatory. Its insertion makes it directory only, but reasonable notice must nevertheless be given to validate the proceeding.

Upon general principles, in the absence of any statutory provision, the rights of parties cannot be affected by such a proceeding without an opportunity to be heard.

It was not the intention of the legislature to deprive the taxpayers wholly of an opportunity to defend themselves, but simply to shield the official proceedings from objections to the manner of serving notice, where notice actually given was reasonably sufficient.

No attempt in this case was made to serve notice upon any taxpayer in Kearny township, and the increased assessment against the prosecutors must, therefore, be set aside.

Upon application to this court, under the act of 1881 (*Pamph. L., p.* 194), proceedings may be instituted to make a proper assessment against the prosecutors.