LONG et al. v. PENNSYLVANIA R. CO.

(Circuit Court, D. New Jersey. January 2, 1907.)

1. HUSBAND AND WIFE—INJURIES TO WIFE—ACTION—STATUTES—CONSTRUC-TION.

P. L. N. J. 1906, p. 525, provides that any married woman may maintain an action in her own name, without joining her husband, for all torts committed against her or her separate property, in the same manner as she. lawfully might if a feme sole, provided that the act shall not be so construed as to interfere with or take away any right of action at law or in equity now provided for the torts above mentioned. *Held*, that the proviso only saves to the husband and wife their joint right of action for any tort committed against the wife previous to the enactment, and is therefore not repugnant to the preceding part of the section.

2. SAME—PARTIES.

P. L. N. J. 1906, p. 525, § 1, authorizes a married woman to maintain an action in her own name, without joining her husband, for a tort committed against her, provided that the act shall not interfere with or take away any right of action previously provided for such torts; and section 2 declares that any action brought under the act may be prosecuted by such married woman separately in her own name, and that the nonjoinder of her husband shall not be pleaded. *Held* that, where an action is brought after the passage of such act for a tort committed against a married woman, her husband is an improper party thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Husband and Wife, §§ 739, 802–807.]

In .Tort. On demurrer to declaration.

George S. Silzer, for plaintiffs.
Alan H. Strong, for defendant.

LANNING, District Judge. The plaintiffs in this case are husband and wife. By their declaration they complain that on May 29, 1906, Mrs. Long, after having purchased from the defendant a ticket for passage on one of the defendant's trains, was standing on the platform of the defendant's railroad station at Menlo Park, N. J., awaiting the arrival of the train, and that while standing there one of the defendant's servants, as the train was coming to the station, threw a parcel of merchandise from a car of the train to the station platform in such manner as to strike Mrs. Long and injure her, in consequence of which she and her husband, in a single count, jointly claimed damages from the defendant company. The defendant has demurred to the declaration on the ground that the husband is not a proper party to the action. The demurrer is founded on the provisions of an act of the New Jersey Legislature, entitled "An act for the protection and enforcement of the rights of married women," approved May 17, 1906 (P. L. p. 525). Its provisions are:

"Section 1. Any married woman may maintain an action in her own name, and without joining her husband therein, for all torts committed against her, or her separate property, in the same manner as she lawfully might if a feme sole; provided, however, that this act shall not be so construed as to interfere with or take away any right of action at law or in equity now provided for the torts above mentioned.

"Sec. 2. Any action brought in accordance with the provisions of this act may be prosecuted by such married woman separately in her own name, and the non-joinder of her husband shall not be pleaded in any such action.

"Sec. 3. This act shall take effect immediately."

It will be observed that the act took effect 12 days before the alleged injury to Mrs. Long. The validity of the demurrer depends upon the construction that is to be given to this act.

The law of New Jersey, as it stood previous to the passage of the act, did not authorize a married woman to sue in her own name for any tort committed against her. Up to that time it was necessary in every such case that the husband and wife should be joined as plaintiffs. Upon the rendition of a judgment in any such case, the husband had the right to receive the money, and at any time before the rendition of judgment he could release the cause of action. Pennsylvania Railroad Co. v. Goodenough, 55 N. J. Law, 577, 28 Atl. 3, 22 L. R. A. 460. Such being the law before the passage of the act, what is the effect of the proviso in its first section? In Attorney General v. Governor and Company of Chelsea Waterworks, Fitzgibbon's Reports, 195, the Court of King's Bench declared that:

"Where a proviso of an act of Parliament is directly repugnant to the purview, the proviso shall stand and be a repeal of the purview, as it speaks the last intention of the makers."

In Townsend v. Brown, 24 N. J. Law, 80, Chief Justice Green said:

"The rule has long been established that, if a proviso in a statute be directly contrary to the purview of the statute, the proviso is good, and not the purview, because it speaks the later intention of the Legislature."

In Clark Thread Company v. Kearny Township, 55 N. J. Law, 53, 54, 25 Atl. 327, 328, Mr. Justice Van Syckel said:

"A saving clause in a statute, where it is directly repugnant to the purview or body of the act, and cannot stand without rendering the act inconsistent and destructive of itself, is to be rejected."

But as to provisos he quoted Mr. Sedgwick as follows:

"A curious rule of a very arbitrary nature prevails with regard to provisos. It is that, when the proviso of an act of Parliament is directly repugnant to the main body of it, the proviso shall stand and be held a repeal of the purview, as it speaks the last intention of the makers."

After thus referring to the different rules of construction to be applied to provisos and saving clauses, Mr. Justice Van Syckel said:

"What phraseology constitutes a saving clause and what a proviso does not appear to be free from doubt."

The same distinction between provisos and saving clauses is made in N. J. Midland R. R. Co. v. Jersey City, 42 N. J. Law, 97, 101.

Assuming, for the purposes of this case, that a proviso repugnant to the enacting clause which precedes it repeals the enacting clause and is given effect because it is the later declaration of the Legislature, and that a saving clause repugnant to the body of the section preceding it is rejected, it must still be remembered that the act of the Legislature is, if possible, to be so construed as to give every part of it due effect. It is a well-settled rule that a proviso is to be strictly construed,

so that it will take nothing out of the enacting clause which is not fairly within the terms of the proviso. United States v. Dickson, 15 Pet. 141, 165, 10 L. Ed. 689; Ryan v. Carter, 93 U. S. 78, 83, 23 L. Ed. 807; Clark Thread Co. v. Kearney Township, supra. In my opinion, whether the last clause of section 1 of the act of 1906 be regarded as a proviso or as a saving clause, it need not, and therefore ought not, to be construed as repugnant to the preceding part of the section. At the time of the passage of the act there was vested in the husband and wife jointly, in every case where a tort had been committed against the wife previous to its passage, a right of action for such tort. The proviso of section 1 should be construed to apply to such torts only. Its purpose was, I think, merely to save to the husband and wife their joint right of action for any tort committed against the wife previous to May 17, 1906. The proviso was not intended to apply to any tort committed against a wife after the approval of the act. Furthermore, if the last clause of section 1 is to be regarded as a proviso repugnant to the preceding part of the section, it can be given effect only in case it be the last declaration of the Legislature on the subject. But it is not. The second section is the last declaration of the Legislature on the subject, and that section expressly declares that, in an action brought by the wife in her own name for a tort committed against her, the nonjoinder of her husband shall not be pleaded.

But the plaintiffs insist that, inasmuch as the first section of the act declares that a married woman "may" maintain an action in her own name, without joining her husband therein, for a tort committed against her, she has an option in the matter, and may exercise her choice as to whether she will or will not join her husband in such an action; and that whether the suit be instituted in the name of the wife alone, or in the names of the husband and wife jointly, the act does not deprive the husband of his interest in the suit, or his right to take to his own use its proceeds. In my opinion such a construction of the section is not permissible. The Legislature, by conferring upon a wife the right to sue alone, has given her absolute control of her suit and the right to take to her own use whatever she may recover. The Legislature intended that, in a suit to recover damages for a tort committed against a married woman after the passage of the act, her husband should have no interest, and therefore that he should not be a party thereto.

The demurrer must be sustained. An interlocutory order may be entered sustaining it and allowing 20 days after service of a copy of the order within which the declaration may be amended. If not amended within that time, the defendant may enter final judgment nil capiat. The plaintiffs must pay costs.