AUGUST GERSTUNG, RELATOR, v. JOHN S. SAUER, COMPTROLLER, AND ALFRED A. STEIN, MAYOR OF THE CITY OF ELIZABETH, RESPONDENTS.

Submitted July 6, 1911—Decided September 15, 1911.

1. If a proviso in a statute be directly contrary to the purview of the statute, the proviso is valid and not the purview.
2. Under the act of April 2d, 1891, permitting certain cities to disband volunteer fire departments and establish paid fire departments (*Gen. Stat.*, *p.* 1517), the power given to the board of fire commissioners by section 3, to fix the compensation of members of the fire department, is controlled by the proviso in section 6, making the financial body of the city the sole judges of the amount necessary to operate the fire department.

---

On demurrer to return to alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and VOORHEES.

For the relator, *Samuel Koestler.*

For the respondents, *Joseph T. Hague.*

The opinion of the court was delivered by

PARKER, J. The case arises out of a dispute as to whether the common council of Elizabeth or the board of fire commissioners of that city have the final word in fixing the salary of the chief engineer of the fire department.

Prior to 1901, Elizabeth seems to have had a volunteer fire department. In that year the city, under the act of April 2d, 1891 (*Gen. Stat., p.* 1517), created a paid fire department with the board of fire commissioners provided for in the statute.

By section 3 of the act of April 2d, 1891, it is provided that the board of fire commissioners "shall have power to elect by majority vote all members and officers of the fire department, and to determine and fix the compensation to be paid to each." Accordingly, the board elected the relator as chief engineer in 1901—a position which he still holds—and undertook to fix his compensation from time to time. But the council also claimed jurisdiction in the matter of compensation, not only as to the body to whom the general control of the city's finances was committed, but also by virtue of section 6 of the act in question, which makes it the duty of the financial body of the city to "consider and apportion the amount of money or funds necessary to operate a paid fire department, as provided for in this act; provided, however, that the said * * * body in such city as aforesaid (conceded under the charter of Elizabeth to be the council) shall be the sole judges as to the amount of money or funds necessary to operate the said paid fire department; and should the said board of fire commissioners, or any member thereof, vote to exceed the amount of money or funds apportioned by said * * * body as herein provided, they shall be guilty of a misdemeanor," &c.

Bearing in mind these apparently contrary provisions as to the fixing of compensation and providing the money to pay it, the present case seems to have arisen in this way: On March 15th, 1910, the council adopted a schedule of salaries recommended by the finance committee for the fire department as a basis for the annual appropriation, which schedule

.called for a salary of the chief engineer, until July 31st then next, at $1,600 per year, and thereafter at $1,800 per year; and on August 1st, council passed the annual appropriation ordinance on that basis, which ordinance was approved by the mayor the next day. On August 2d the board of fire commissioners met and passed a resolution fixing the salary of the chief at $2,000 to date from August 1st. Subsequently, payrolls and bills based on the $2,000 figure were certified by the fire board to the mayor and comptroller, but those officers refused to approve them. It appears that before city moneys can be expended the claims must be audited by the comptroller and approved by the mayor, by virtue of the act of March 28th, 1904 (*Pamph. L., p.* 259), and an ordinance of Elizabeth based thereon, and also by virtue of a supplement to the amended charter passed April 4th, 1872. The alternative writ commands these officers to so approve the bills or show cause to the contrary.

The return first attacks the act of 1891 as special legislation regulating the internal affairs of the city of Elizabeth, and therefore in violation of the prohibition in article 4, section 7, placitum 11 of the constitution; but this point is evidently abandoned and we do not consider it. Next it is urged that by an act of April 16th, 1891, two weeks after that of April 2d, it was provided that council should fix the compensation of the chief and assistant engineers. *Gen.. Stat., p.* 1518. This act is claimed by relator to be inapplicable for several reasons which need not be noticed, as, in our judgment, the disposition of the case turns on the third ground taken by respondent, viz., that the ultimate decision as to the compensation of the chief engineer is, by the act of April 2d, 1891, vested in the council itself. If the provisions of section 3 and section 6 of that act, already quoted, are to be harmonized, this can be done only by reading into the language of section 3 the qualification that the amount fixed shall be subject to the power of appropriation by the council; in short, that the fixing of the compensation under section 3 is a recommendation to the council to appropriate the sum fixed without any compulsory force; for we cannot disregard

the plain language of section 6 that the financial body shall be the sole judges of the amount necessary to operate the department, and the provision that if the board of fire commissioners or a member shall vote to exceed the amount apportioned by council, they or he shall be guilty of a misdemeanor.

If the two provisions cannot thus be reconciled, the proviso takes precedence and controls the enactment as expressing the later intent of the legislature. *Townsend* v. *Brown,* 4 *Zab.* 86; *Clark Thread Co.* v. *Kearny,* 26 *Vroom* 50, 53. In either case the result is the same.

The allegation that council appropriated sufficient to pay the increased salary appears in the record and requires a moment's notice. The fact is that the total appropriation was based on a number of specific items, and the board of fire commissioners undertook to pay the increase in salary over the amount fixed by the council by using money appropriated but not actually required for certain minor items—a mere subterfuge.

It is elementary that to justify a peremptory *mandamus,* the legal rights of relator must be clear. Not only are they not clear in this case, but in our opinion he is without right, for the reason that the control of his salary rests not with the board of fire commissioners, but with the council, for reasons already given.

It may be added that relator may have mistaken his remedy even if his right to the increased salary were clear; for by the act of 1904, *ubi supra,* the council may apparently appropriate to pay a claim even though the mayor and comptroller refuse to approve it; hence their approval is no necessary step in the collection of the claim; though their action, one way or the other, is. They have acted; and relator may, according to section 7 of that statute, go directly to the council, and if it is their duty to pay the claim, should take his proceedings against them. This point, however, has not been discussed by counsel and we do not pass upon it.

The demurrer will be overruled and judgment entered for the respondent on the return.