## STATE, WILLIAM C. JONES, PROSECUTOR, v. LANDIS TOWNSHIP ET AL.

1. A sale of land for taxes at ten o'clock in the forenoon, duly advertised, is validated by the act of March 23d, 1887.

2. This statute is retroactive and will affect the remedy while a writ of *certiorari* is pending to take advantage of this informality in the sale.

3. A healing act like this must be confined to formalities which the legislature might have authorized or omitted, in their discretion.

4. The statute of 1879 (*Pamph. L.*, p. 340), amended March 12th, 1880 (*Rev. Sup.*, p. 993, § 67), authorizing sales of land for payment of taxes, does not require that the return shall show the time of sale or an adjournment; these particulars may be supplied by proof *aliunde*.

5. Three adjoining lots of land taxed, held and used as one property, may be sold together.

6. Copies of the certificates of sale and acknowledgment, with an affidavit that the copies are true, are not required to be annexed to the return, under the act of 1880 amending section 6 of the act of 1879. A copy of the notice of sale is necessary.

7. The owner of land at the time the assessment is made is the person to whom a copy of the notice of sale shall be sent by mail.

8. Where the return does not show that one of the five notices of sale was posted at or near the land to be sold, as required by the statute, parol proof to supply this omission is not admissible. If admissible, it should specify the place where the notice was posted.

9. There must be a strict compliance with the direction of a statute requiring notices of sale of lands for taxes, and defects in such notices cannot be remedied under the act of March 23d, 1881.

Jones v. Landis Township.

On *certiorari* to review the assessment and sale of lands of Nigel Murray, in Landis township, Cumberland county, for taxes of the year 1882.

Argued at November Term, 1887, before Justices SCUDDER and PARKER.

For the prosecutor, *John A. Miller, Jr.*

For the defendants, *W. E. Potter.*

The opinion of the court was delivered by

SCUDDER, J. The prosecutor is the present owner of the lands sold for taxes by conveyance from Nigel Murray, who owned the property at the time of the assessment and until May 15th, 1883, when it was conveyed to the prosecutor.

The reason first assigned for reversal of the proceedings for sale of these lands is that the sale was advertised for ten o'clock in the forenoon, and was made at that hour. The statute "relative to sales of land under a public statute, or by virtue of any judicial proceedings" (*Rev., p.* 1040, § 1), requires that all such sales shall be made between the hours of twelve and five in the afternoon. An act intended for this case and others like it, was passed March 23d, 1887, by which all sales of land for taxes theretofore or thereafter made or had, and all certificates and declarations of sales issued in pursuance thereof, and tax titles and rights acquired thereunder, although the time at which such sales have been made or held has not been between the hours described in the above-named statute, are validated and confirmed. This act is retroactive in its terms and cures this defect in the hour of sale, unless the objection made to its application, that the writ was issued in this case March 9th, 1887, while the act was not approved until March 23d, 1887, is valid. *State* v. *Newark,* 3 *Dutcher* 185. The law took effect while this suit was pending, but this fact alone will not restrict its operation if the intention to make it both retrospective and general is apparent.

In *Walter* v. *Town of Union*, 4 *Vroom* 350, 356, it was held that the formalities with which corporate powers shall be exercised, being entirely in legislative discretion, may, at all times, be modified, changed or abolished by the same power; and it is not material that the legislative act was passed, while a writ of *certiorari* was pending, to take advantage of the defective use or omission of such formalities. The bringing of the suit vests no right in a particular judgment, and the case must be determined as to such matters on the law as it stands when judgment is rendered. *Butler* v. *Palmer*, 1 *Hill* 324. Such validation extends not only to the defects to be obviated, but to the remedy for enforcement. *Rader* v. *Township of Union*, 15 *Vroom* 259; *Hepburn* v. *Curts*, 7 *Watts* 300; *Bacon* v. *Callender*, 6 *Mass.* 303; *Cooley's Const. Lim.* *373, *381.

The restriction is that the healing act must in all cases be confined to validating acts which the legislature might previously have authorized or omitted. In this case, whether the hour of sale should be in the morning or afternoon was entirely within legislative control and discretion, and if, by mistake, a sale took place at an earlier hour than allowed by the existing statute, such defect can be cured by subsequent legislation.

The second reason is that the return to the warrant made by the collector does not show when the sale did take place, nor does the certificate of sale nor the deed state this fact, nor the return of the collector show that there was an adjournment. The statute does not require such specifications in the collector's return to the warrant, nor in the certificate nor deed. They are, however, supplied, as it is competent to do, by proof *aliunde* in the affidavits taken in this cause.

The third reason is that three pieces of property, separately taxed, were sold together and included in one certificate of sale. It is not true, in fact, that the three lots were taxed separately, for the assessment shows they were taxed together for a gross sum. It is true that they were sold together and included in the one certificate of sale. A sufficient reason

therefor is given in the testimony of the collector that lots described as 13, 14 and 15 of block 42 east, being one property, were sold together. There is nothing to contradict this statement that they were held as one property, either by use, incorporation or enclosure, and the assessment and proceedings under it are not to be held wrong until proof is made of some error alleged to have been committed.

The fourth reason is that the collector did not annex to his return of said warrant a true copy of a certificate of sale and the acknowledgment thereto, together with an affidavit that the copies are true ones. These specifications were required by section 6 of the original act of 1879 (*Pamph. L., p.* 340), but this section was amended by the act of March 12th, 1880 (*Rev. Sup., p.* 993, § 67), and these particulars were all stricken out by the amendatory section.

The fifth reason is that no copy of the notice of sale is annexed to the collector's return, as required by section 6 of the act of 1879, nor does the return contain any proof that a notice was posted at or near the lands to be sold, nor is there any proof that a copy of the notice was mailed to William C. Jones, the owner. The statute (section 4) requires that the collector shall mail a copy of the notice of sale to the owner or owners. The law regards the person who owned the land at the time the assessment was made, as owner in all subsequent proceedings. There was proof of notice to such owner, but proof of notice to William C. Jones, who purchased the land about a year after the assessment was made, was not necessary. He had constructive notice in the public advertisements that were published and posted by the statutory direction. The section last referred to requires that the collector shall cause copies of the notice of sale to be set out in five of the most public places in said township for at least four weeks next preceding the time appointed for such sale, *one of which must be at or near the land, tenements, hereditaments or real estate to be sold.* The proof of such notice having been given is made a matter of record by the terms of the statute, and must be in writing. In section 2 of the

act, the warrant to collect taxes issued by the township committee directs the collector to make return of the tax warrant, with all his proceedings thereunder, in writing. By section 3, the warrant shall, before its delivery, be recorded by the clerk of the township. Section 6 says that the collector shall make return of the warrant within the time required therein, with all his proceedings thereunder, in writing, &c.; and section 7 enacts that the clerk of the town-hip shall record said return (the warrant only excepted) and the papers thereto annexed in the aforesaid "record of sale" at length, immediately succeeding the record of such warrant.

In this case the return certifies that notice of the time and place of sale was set up in five of the most public places in the said township of Landis, proof of such posting being annexed and marked Exhibit No. 2. This exhibit is the affidavit of another person than the collector, that he did post up, in five of the most public places of the township of Landis, notices of tax sales, &c. In neither case is it said that one of said notices was set up at or near the lands to be sold. An attempt has been made to supply this omission by the affidavit of the collector taken in these proceedings under the writ of *certiorari,* and he testifies that the notice was put up near the property assessed to Nigel Murray, in controversy in this suit. This testimony is, in my judgment, both incompetent and insufficient. The rule is fundamental that oral evidence cannot be substituted for any instrument that the law requires to be in writing. 1 *Greenl. Ev.,* § 86. The return of the collector must be in writing, and is made a matter of record for the information of the public and all who may be interested in the property, and to substitute parol evidence would defeat the purpose of the law. Cases directly in point are found in *Inverslie* v. *Spaulding,* 32 *Wis.* 394; *Jarvis* v. *Silliman,* 21 *Wis.* 600; and the subject is considered in *Cooley on Taxation, ch.* 15, *p.* 487; *Blackwell's Tax Titles* 248; *Gilbert* v. *Columbia Turnpike Co.,* 3 *Johns.* 107; *Games* v. *Stiles,* 14 *Pet.* 322. This affidavit of the collector, made to add the omitted advertisement to his return and the record

thereof, is therefore illegal. It is also insufficient, for it says, in general terms, that the notice was set up near the lands to be sold. When testifying as a witness, to supply this omission, the opinion of the affiant as to what is *near* the land, is not sufficiently certain, but the fact of the exact place where the notice was posted must appear, that the court may judge of its nearness and of compliance with the statute, when it is called in question. It is the purpose of the statute, where it requires notices to be set up in public places, and near the premises to be sold, to give information to those interested and who may probably become bidders at the sale, and the compliance should appear in such form that the court may see that the object of the law has been observed. *Road in Sussex and Morris*, 1 *Green* 157; *State* v. *Shreve*, 3 *Green* 57; *Cummins* v. *Little*, 1 *C. E. Green* 48; *Blackwell's Tax Titles* 245; *Farnum* v. *Buffum*, 4 *Cush.* 260.

There is no copy of the notice posted annexed to the return, but as copies of the notices advertised in the newspapers accompany the return, and it is said that like notices were posted, this reference will be sufficient to supply the required copy of the posted notices.

A strict construction of the statute has been used in all cases of sale of land for taxes, by which the owners are sometimes deprived of the possession of their property for a long term of years for very inadequate sums paid by speculating purchasers; and a sale of land for taxes will be set aside unless all legal conditions precedent appear to have been performed. In the matter of notices of sale this prerequisite has never been relaxed but strictly enforced in our courts. *Fleischhauer* v. *Hoboken*, 11 *Vroom* 109. The rule and the reason for it are very tersely and strongly given in *Woodbridge* v. *Allen*, 14 *Vroom* 262. The statement there is that the power to sell land for taxes is a naked power, and the validity of a title derived from such a sale depends upon a strict compliance with the direction of the statute. See *Hopper* v. *Malleson*, 1 *C. E. Green* 382.

The sixth and seventh reasons given for setting aside this

:sale are without point, and on grounds that have often been ·discussed and decided in our courts.

The purchaser at the tax sale, James A. Lane, and John P. Gage, the present owner by transfer of the certificate of .sale to him and deed of conveyance from the township committee of Landis township, having been made parties to these proceedings by the order of the court, the service of a copy ·of the *certiorari* and a copy· of the order, all the parties inter- ·ested in the title are in court to abide its judgment.

The act of March 23d, 1881 (*Pamph. L., p.* 194), is broad .and comprehensive in prohibiting the setting aside or reversal ·of any tax, assessment or water rates for any irregularity or ·defect in form, or illegality in assessing, laying or levying any .such tax, assessment or rates, or in the proceeding for collecting the same, and has been liberally construed to effect this purpose. *Clarke* v. *Mulford,* 14 *Vroom* 550 ; *Dodge* v. *Love,* 18 *Vroom* 436. In its application to a case of attempted .avoiding of a tax for misdescription of the land assessed, it was said in *Conover* v. *Honce,* 17 *Vroom* 347, that its effect is to destroy, root and branch, the power to defeat such a proceeding, except on meritorious ground, and that the express purpose of the law is to prevent for the future the frustration of taxation on the ground of erroneous procedure. But this case, where it does not appear that the prescribed .notice of the sale of land for tax was given, is not within the remedial power of this statute ; it cannot be used to deprive the owner of his land by a tax sale made without compliance with the express terms of the law.

The assessment against the land and its owner will be maintained, but the sale, the certificate and conveyance by the township committee will be set aside and annulled.