THE STATE, THE INHABITANTS OF THE TOWNSHIP OF ENGLEWOOD, IN THE COUNTY OF BERGEN, PROSECUTORS, v. ISAAC A. HOPPER ET AL.

To authorize an increase of the valuation of any township duly returned to the county board of assessors, it is necessary for the board—

*First.* To make a careful, particular and thorough comparison of the respective duplicates.

*Second.* To adjudge that the value of the property contained in any duplicate is relatively less than the value of other property in the county.

*Third.* To thereupon add such *percentage* as shall appear just, proper and warranted by such comparison.

On *certiorari.*

The writs of *certiorari* in this case were directed respectively to the clerk and secretary of the board of assessors of Bergen county and to the county collector of that county. The writ to the board of assessors brings up the proceedings of that body at the statutory meetings held September 8th and 9th, 1891, increasing the total valuation of Englewood township, for the year 1891, from $2,462,320, as returned by the assessors of Englewood township, to $2,762,320. The writ to the county collector brings up the abstract of the polls and the valuation of the realty and personalty of the county of Bergen as returned by the assessors for the year 1891. By the abstract the total valuation of the township of Englewood for the year 1891 is $2,762,320.

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutors, *Raymond P. Wortendyke.*

For the defendants, *Abram D. Campbell.*

The opinion of the court was delivered by

WERTS, J. At the meeting of the board of assessors of Bergen county, held September 8th, 1891, the assessor of

Englewood township attended and submitted his duplicate in legal form, whereby it appeared that the total valuation of realty and personalty in the township of* Englewood, as assessed in the year 1891, was $2,462,320. ·Owing to the non-attendance of a member of the board, an adjourment was taken to the next day, September 9th, on which latter day, there being a full attendance of the members, the board adopted a " motion " or resolution as follows:

"Motion by Hopper of Saddle River township, and seconded by Vreeland of New Barbadoes, that the total valuation of Englewood township, for the year 1891, be made $2,762,320."

The effect of the adoption of this resolution was to add a lump sum of $300,000 to the total valuation of Englewood township for the year 1891.

It is insisted that such addition was illegally made; that the resolution authorizing it should be set aside, and the abstract of ratables corrected accordingly.

The duplicate of the assessor of Englewood township, submitted to the board of assessors, having been in compliance with law, is presumed to have exhibited correctly the total valuation of the taxable property of that township. *Sea Isle City* v. *Cape May,* 21 *Vroom* 50.

The power of boards of assessors to increase valuations is a statutory power, and must be exercised in strict compliance with the statute conferring jurisdiction. It was within the power of the board of assessors to increase the valuation of Englewood township by—

*First.* Making a careful, particular and thorough comparison of the respective duplicates.

*Second.* By adjudging that the value of the property shown by the duplicate of Englewood township was relatively less than the value of other property in the county.

*Third.* To thereupon (for the purpose of adjusting the proportions or quotas of tax of the several townships, and for that purpose only) add such percentage to the valuation of Englewood township as should appear just and proper and

warranted by such comparison. *Rev. Taxes,* p. 1155, § 72; *Rev. Sup., p.* 980, § 1; *Pamph. L.* 1883, *p.* 192; *Freeholders of Ocean* v. *Lacey,* 13 *Vroom* 536; *Sea Isle City* v. *Cape May,* 21 *Id.* 50.

If the resolution above set forth be taken as the action of *the board* (and that seems to be the proper view), it is entirely insufficient to justify or warrant its action. None of the essentials to jurisdiction of the subject-matter were observed. The "careful, particular and thorough comparison" was not made. There was no adjudication that the value of the property of Englewood township was relatively less than that of other property in the county. The addition made was of a lump sum instead of a percentage, as required by law.

An attempt was made to supply the defects and omissions of the resolution by oral proof. But the evidence offered for that purpose (if competent) fails of its object. It discloses, at the most, a mere discussion, in which no comparison of duplicates was made for the purpose of ascertaining or establishing relative values, and shows that such comparison, as was made or attempted, was not of the duplicates of 1891, but between those of 1890 and 1891.

In no respect were the requirements of the law observed.

The resolution of the board of assessors must be set aside, and the increase of the abstract as to Englewood township reduced $300,000.