DAVID R. McCALLUM, ASSESSOR OF THE BOROUGH OF CHISELHURST, v. THE COUNTY BOARD OF ASSESSORS OF CAMDEN COUNTY.

A resolution by a board of assessors adding one lump sum to the value of real estate, and another to that of the personal estate contained in a duplicate, receives no support from section 140 of the General Tax law (*Gen. Stat.*, p. 3309), and is without authority and void.

On *certiorari* in matter of taxation.

Argued at November Term, 1895, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *John F. Harned.*

For the defendant, *Henry S. Scovel.*

The opinion of the court was delivered by

GARRISON, J. A comparison between what a board of assessors may lawfully do to increase the value of the prop-

erty contained in any assessors' duplicate and what was done by the defendants in this record, will disclose the nature of the present controversy.

By section 140 of the General Tax law (*Gen. Stat., p.* 3309), the board of assessors may, upon the establishment of certain facts with respect to the value of the property contained in any duplicate, "add thereto such percentage as shall appear to them just and proper." In the case in hand, the action of the board consisted in the adoption of a resolution that "$50,000 be added to the assessment of real estate and $1,000 be added to the assessment of personal property of the borough of Chiselhurst."

There appears to have been no attempt to follow the rule laid down by the legislature, and no authority can be found anywhere for any action not founded upon a strict compliance therewith. *Trask* v. *Carragan*, 8 *Vroom* 264; *Weehawken* v. *Roe*, 7 *Id.* 86; *West Hoboken* v. *Anderson*, 9 *Id.* 173, 175; *Clark Thread Co.* v. *Kearny Township*, 26 *Id.* 50.

The motion to quash the *allocatur* rests upon no apparent foundation.

The action of the defendant in the respect above mentioned is set aside.