JACOB P. MEDAY, PLAINTIFF IN ERROR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF RUTHERFORD, DEFENDANT IN ERROR.

*Argued November 23, 1900—Decided March 4, 1901.*

1. The word "demise" in the operative words of conveyance in a tax deed made by the officers of a municipality pursuant to the provisions of the general act concerning taxes (*Pamph. L.* 1897, *p.* 340; *Gen. Stat., p.* 3354), does not import a covenant for quiet enjoyment.
2. The power to execute a tax deed under said act does not carry with it authority to make covenants of warranty therein. Such covenants are *ultra vires* and do not bind the municipality.
3. In construing a grant of power to a municipality, an implied power will not be held to exist, unless it is necessarily or fairly implied in or incident to the powers expressly granted.
4. Any fair or reasonable doubt concerning the existence of such a power in a municipal corporation is resolved against the corporation and the power is denied.

On error to the Bergen Circuit.

For the plaintiff in error, *Copeland, Luce & Kipp.*

For the defendant in error, *John M. Bell.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff seeks to recover against the defendant municipality damages for the failure of a tax title.

At a sale made by the tax collector of the borough of Rutherford, in Bergen county, for the collection of delinquent taxes, the plaintiff became the purchaser of a lot of ground in said borough assessed as the property of the heirs of one Alfred Arnold, he having, at said sale, agreed to take the same for the term of thirty years and pay the taxes, with interest and costs, amounting to $27.57.

The plaintiff received a certificate of sale from the collector, and entered into possession and subsequently took a tax deed for said lot from the borough, executed and delivered by its

mayor, for the said term of thirty years. The heirs of Arnold afterwards conveyed the lot to one Rose Ryerson, who brought a *certiorari* removing said tax and the proceedings thereon to the Supreme Court.

The plaintiff as well as the said borough were made party defendants to said writ, and, after hearing, the said sale, certificate of sale and deed were vacated and set aside by the court for some defect in the proceedings.

The result was that the plaintiff, after a possession of the said lot, under the tax title, for about six years, was ousted and evicted therefrom by the grantee of the Arnold heirs.

The action now brought against the borough is upon contract for the alleged breach of the covenants of title and for quiet enjoyment.

The case was heard in the Bergen Circuit by the court, a jury being waived, upon a statement of facts agreed upon.

It was admitted that there was no express covenant in the deed, but it was claimed that such covenant is implied by the word "demise" contained in the operative words of the grant, which are "do hereby sell, demise and convey."

The learned judge determined that the defendant was entitled to judgment. The principal grounds of this determination, as stated, were that the word "demise" applies to a covenant only between landlord and tenant, and that there seemed to be no authority in the borough officers to make any covenant as to title. This judgment has been brought here by writ of error for review.

The first question then is, Does the word "demise" import an implied covenant for quiet enjoyment?

The contention is that the tax deed is virtually a conveyance for a term of years, and that the word "demise" therein is to have the same construction and effect as it bears when used in a lease of land by the owner. It is true that when the owner leases his land for a term of years, the word "demise" has the force of an implied covenant for quiet enjoyment, a force that does not attach to it when used in a conveyance of a freehold estate. 1 *Washb. Real Prop.* (*5th ed.*) 518, *325; 3 *Id.* 518, *671; 5 *Am. & Eng. Encycl. L.* 538.

In *Phillips* v. *Hudson, 2 Vroom* 143, the Supreme Court held that when a conveyance of land is executed the purchaser can have no remedy for a failure of title but such as may be provided for by covenants contained in the conveyance.

The late Justice Elmer, in the opinion, deduced this as the true rule of law after discussing the cases, and added, that on the creation of an estate less than freehold, a covenant of title is implied from the words of leasing, citing *Rawle* 272. Other cases in this state recognizing this as the correct principle are *Gano* v. *Vanderveer,* 5 *Vroom* 293; *Mershon* v. *Williams,* 34 *Id.* 398.

The answer to plaintiff's contention is that the relation of landlord and tenant was not created by the tax deed.

This instrument does not operate as a "demise" of a term by the owner.

It is the execution of a power, on the part of the municipality, to create an estate in the purchaser for the purpose of realizing the tax. This mode and form of divesting the title of one owner to lands and creating a title to the same in another, deriving its force and effect from statutory provisions, is recognized in 3 *Washb. Real Prop.* 220, *537.

But even if the words "demise" could be held to import a covenant for quiet enjoyment, as against the municipality in this case, the defendant's contention is that it was beyond the power of the corporation to so covenant, and that the same is void as being *ultra vires.*

If the municipality had such power, its warrant must be found in its charter or in the statutes relating thereto. 1 *Dill. Mun. Corp.,* § 89; 15 *Am. & Eng. Encycl. L.* 1039.

The borough was incorporated under the general act approved April 5th, 1878. *Gen. Stat., p.* 179.

By a supplement thereto, approved March 23d, 1888 (*Gen. Stat., p.* 198, § 118), the mayor and council of the boroughs formed under said acts were empowered to proceed to collect taxes by issuing their warrant to the borough collector for the sale of lands, &c., in the same manner and to the same effect in all things as provided in the general act concerning taxes. This is the only power conferred upon the borough of

Rutherford to make sales of real estate therein. The limits of this power are carefully prescribed in the statute, which sets forth what the deed shall contain as follows: "A description of the property, the year of the tax assessment, the fact of the advertisement and sale, the date of sale, and the period for which the premises were sold." *Pamph. L.* 1879, *p.* 340; *Gen. Stat., p.* 3354.

It is plain that there is an absence here of any express power to make covenants of warranty. Is such a power implied? To answer this affirmatively it must appear that such implied power is necessarily or fairly implied in or incident to the powers expressly granted. 1 *Dill. Mun. Corp.* 89; *Hackettstown* v. *Swackhamer,* 8 *Vroom* 191.

And in construing a grant of power to a municipality any fair or reasonable doubt concerning the existence of a power is resolved by the court against the corporation, and the power is denied.

The object of the power in this case was to enable the municipality to transfer the estate of the owner to the purchaser in consideration of the payment of the tax by the latter. And since covenants of warranty of title and quiet enjoyment are unnecessary to the validity of the transfer of the estate of the owner, it is plain that, applying the above principles, an implied power to make such covenants in the deed does not arise. This view finds support in the following cases: *Harrison* v. *Palo Alto Co.,* 104 *Iowa* 383; *Hyde* v. *Kenosha Co.,* 43 *Wis.* 129 and cases cited.

It is further contended that the defendant is estopped from raising the defence of *ultra vires,* on the authority of *Camden, &c., Railroad Co.* v. *Mays Landing, &c., Railroad Co.,* 19 *Vroom* 530; *Chapman* v. *Ironclad Rheostat Co.,* 33 *Id.* 497.

In answer to this, it need only be said that these were cases of private corporations, and that, with regard to acts or contracts of municipal corporations, which are obviously and in the strict and proper sense of the term *ultra vires,* this doctrine of estoppel does not apply. 1 *Dill. Mun. Corp.* 548; 2 *Id.* 936.

*36 Vroom.*    Kocher v. Supreme Council Cath. Ben. Legion.

It may be observed that if a suit could be maintained at all in this case, the action might have been brought in *assumpsit* to recover back consideration money paid, &c., pursuant to "An act relating to sales of lands for taxes or assessments," approved March 16th, 1893.   *Gen. Stat., p.* 3370, § 408.

Since this disposition of the points already discussed leads to an affirmance of the judgment in favor of the defendant, the question relating to the damages need not be considered.

I will vote to affirm.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, COLLINS, FORT, GARRETSON, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   11.

*For reversal*—None.