BARNARD LEVY AND EMANUEL LEVY, PROSECUTORS, v. VICTOR MRAVLAG, MAYOR OF THE CITY OF ELIZABETH, THE BOARD OF PUBLIC WORKS OF THE CITY OF ELIZABETH AND EDWARD A. BRENNAN, BUILDING INSPECTOR OF THE CITY OF ELIZABETH, RESPONDENTS.

Submitted October 17, 1921—Decided November 1, 1921.

1. An ordinance which provides that no permit shall be granted for the erection of any structure to be used for the sale, at retail or wholesale, of goods, which is intended to be erected within five

hundred feet, in any direction, along any street where three-fourths of the property is used, or intended for use, for residence purposes, until there be filed with municipal authorities, written consent to the intended use by those representing the owners of three-fourths of the property used, or intended for use, for resident purposes, within the limit specified, is invalid, because the municipality cannot lawfully delegate the power of regulation to a special body of contiguous landowners within a limited district, for that power, if it exists in the municipal body, is legislative and not administrative and cannot be delegated.

2. Such an ordinance cannot be justified upon the ground that it is necessary for public safety, and its only effect is to deprive the owner of his property, or the use thereof, without compensation, nor can it be justified upon the ground that it falls within the police power.

3. Where the power to regulate the erection of buildings is conferred upon the governing body, a subsidiary body does not, without express legislative authority, have power by ordinance to provide for such regulation, and such subsidiary body cannot, by ordinance, delegate the power of regulation to, or confer upon, any limited body of citizens the determination of the uniformity of the regulation.

Argued before a single justice under the statute.

For the prosecutors, *Charles Wagner.*

For the respondents, *Joseph T. Hague.*

The opinion of the court was delivered by

BERGEN, J.   The prosecutors were allowed a writ of *certiorari* to review an ordinance adopted by the board of public works of the city of Elizabeth.   The return to the writ shows that the prosecutors filed an application for a permit to erect a building, to be used for a mercantile business which, the stipulated facts show, was refused by the building inspector solely because it did not comply with the ordinance.   The stipulated facts are that the application for permission to erect the building conforms to the requirements of the ordinance of the city of Elizabeth constituting the building code, with the exception that it was not consented to by the signature of property holders as required by the ordinance under review; that the application for the permit was refused by

the building inspector of the city of Elizabeth because of the absence of the signature required by the ordinance, and that aside from this requirement the application for the permit was correct, and except for the ordinance referred to would have been granted. Thus the sole question presented to me is whether this ordinance, which is the only obstacle to the granting of the desired permit, is a valid ordinance. The proceeding in this case follows that taken to review a similar ordinance in *Romar-Realty Co.* v. *Board of Commissioners, ante p.* 117. The first section of the disputed ordinance provides that no permit shall be granted for the erection or alteration of any structure to be used, *inter alia,* "for the sale at retail or wholesale of goods," which "is intended to be erected or established within five hundred feet, in any direction, along any street or avenue where three-fourths of the property on both sides is used, *or intended for use,* for residence purposes, except there be filed with the superintendent of buildings, accompanying the application for the permit for the building in question, * * * written consents to the intended use signed by those representing the owners of three-fourths of the property used, or intended for use, for residence purposes, within the five-hundred-foot distance above specified."

The second section provides that a violator of the ordinance shall upon conviction pay the penalty which is fixed by it. This ordinance is not in conformity with either of the statutes creating what has been denominated "zoning districts," as provided in *Pamph. L.* 1920, *p.* 436, or *Pamph. L.* 1920, *p.* 496, for the reason that the statutory provisions in these acts are not complied with, neither is it within the provisions of the "supplement to an act entitled 'An act concerning municipalities,' approved March twenty-seventh, one thousand nine hundred and seventeen." *Pamph. L.* 1920, *p.* 455, and supplement 1921, *Pamph. L., p.* 132. The statutes referred to provide that the governing body of each municipality to which they apply shall have power by ordinance to regulate and limit the character of building to be erected and determine the area of yards, courts and open spaces, and for said purposes, to

divide municipalities into districts, and that such regulation shall be uniform as to each class of building throughout any district. The power thus granted to the governing body of each municipality does not authorize the delegation of that power to any body of citizens to determine uniformity of regulations to be applied. Under this ordinance one person may be prevented from building a certain character of building on a certain street, because three-fourths of the landowners will not consent, while another may have a permit on the same street for exactly the same character of building, for the same use forbidden the other, because the required proportion of landowners within the same area may consent.

I also think this ordinance is unreasonable because the veto power is given to three-fourths of the property owners of property *intended* for use for resident purposes, for the landowner may change his mind as to the use he intends to put the land to. In addition to what I have said, no authority is pointed out to me which authorizes the passing of any such ordinance by the board of public works; that board is not the governing body of the city of Elizabeth, and, therefore, had no authority to adopt such an ordinance, but, assuming that it had, it could not delegate its authority to regulate the erection of buildings to a special class—that is, contiguous property holders, within five hundred feet of the proposed structure. Where the city charter authorized the governing body to select a site for a public building, a resolution appointing commissioners to perform that duty was held defective as an unlawful delegation of authority. *State* v. *Paterson,* 34 *N. J. L.* 163; *Foster* v. *Cape May,* 60 *Id.* 78; *Harcourt* v. *Asbury Park,* 62 *Id.* 158. The regulation of the right of a landowner to use his own property as he sees fit is not an administrative act but one involving legislative discretion.

There are other reasons why this ordinance is unreasonable, but those expressed are sufficient to demonstrate its invalidity. It cannot be justified upon the ground that it is necessary for public safety, its only effect being to deprive the owner of his property, or the use thereof, without compensation. This ordinance seems to be an attempt to subject the right of a

landowner to use his property as he sees fit to the vote of three-fourths of the landowners on the same street, within a limited area, not because the proposed use would endanger the public safety or health but for the purpose of beautifying the appearance of a particular portion of a street, and subjects the right of the landowner to the character of the use he would make of his land to a popular vote restricted to an area of five hundred feet in any direction from it.

For the reasons given the ordinance should be declared invalid and it will be set aside, with costs.