EMANUEL GROSS, APPELLANT, v. FRANK HAGUE, JOHN
SAUL, A. HARRY MOORE, MICHAEL I. FAGEN, WIL-
LIAM B. QUINN, BOARD OF COMMISSIONERS OF JER-
SEY CITY, AND MAYOR AND ALDERMEN OF JERSEY
CITY, RESPONDENTS.

Submitted December 10, 1923—Decided March 3, 1924.

1. The power of a municipality in the matter of street improve-
   ments is a specially delegated power, and the acts of a munici-
   pality are legal only when they strictly follow the procedure laid
   down by the legislature.
2. Paragraph 12, section 7, article 4 of the state constitution, as
   amended, prohibits the laying of any tax upon property which
   is not determined by a special benefit derived or by a valuation
   of the property with respect to which it is laid upon a uniform
   rule of valuation at its true value.
3. Under the provisions of article 20 of chapter 152 of the laws of
   1917 (*Pamph L.* 1917, *p.* 319), assessments for benefits for local
   improvements cannot be lawfully made prior to the completion
   of the improvement.
4. A landowner whose property may be assessed for benefits for a
   local improvement is entitled to a notice to the effect that it is
   proposed to assess his property for benefits for said improvement.
   A notice to the effect that commissioners of assessment will meet
   to appraise and determine the value of the land and real estate
   to be taken for a street improvement, and the damages sustained
   by reason of the taking thereof, is not a sufficient notice to sup-
   port an assessment for benefits made against the property of the
   landowners.

On appeal from the Supreme Court, whose opinion is re-
ported in 98 *N. J. L.* 703.

For the appellant, *Gross & Gross* (*Isaac Gross,* of counsel).

For the respondents, *Thomas J. Brogan.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from a judgment of
the Supreme Court dismissing a writ of *certiorari*.

On January 23d, 1923, at a meeting of the board of com-
missioners of Jersey City, an ordinance was introduced enti-

tled, "An ordinance to improve all that part of Bergen avenue between Hudson boulevard and Bergen square, and Sip avenue between the westerly line of Summit avenue and the proposed easterly line of Bergen avenue, by widening the same in accordance with the hereinafter mentioned descriptions." This ordinance was received and placed on file. The minutes show that a notice was mailed to all persons whose property might be affected or who might be interested in the improvement. The notice set forth the fact of the introduction of the ordinance on January 23d, 1923, the full text of the ordinance, which included the description of lands proposed to be taken for the improvement, and the announcement that the ordinance would be taken up for consideration at three P. M., on February 6th, 1923, at the assembly chamber in the city hall. At the time fixed a hearing on the ordinance was given and the ordinance was passed. Public notice of the passage of the ordinance was given. On February 21st, 1923, the commissioners of assessment for local improvements gave public notice that on March 7th, 1923, they would meet and appraise and determine the value of the land and real estate to be taken for the widening of Bergen avenue, and the damages sustained by reason of taking the same.

On the day fixed a hearing was given. On May 14th, 1923, the commissioners of assessment submitted to the board of commissioners a report which stated that after the hearing they had met on various dates for the purpose of making awards for the land and real estate taken, determining the damages sustained, and the making of assessments for benefits conferred by reason of said improvement. A schedule accompanied the report showing the names of the owners, the awards and the assessments for benefits. Under these proceedings the appellant, the prosecutor below, who owned a lot fronting ninety-six feet on Bergen avenue, had a strip of land five feet in depth taken from the front of his property. For this land he was awarded $4,589.97. For benefits conferred he was assessed $6,998.50, so that the result was that he lost five feet of his property and was indebted to the city

in the sum of $2,208.93. The actual work of widening the street from fifty-five feet to eighty feet had not been accomplished or contracted for at the time of making the report on June 5th, 1923. The report over protest was adopted. The appellant obtained the allowance of a writ of *certiorari*, which was brought on for hearing before a single justice of the Supreme Court, who, after hearing, dismissed the writ. From this judgment of the Supreme Court an appeal has been taken to this court.

The first ground for reversal argued by the appellant is that the assessments for benefits are illegal because the improvement had not been made or commenced at the time the assessment was made. It is stipulated in the state of the case that Bergen avenue is a street paved, curbed and fully improved for a width of fifty-five feet; that to widen the street to eighty feet, as proposed, will necessitate the removal and destruction of buildings, and the repaving and recurbing necessary for a widened street; that no work has been done to widen the street; that the street is in the same condition as it was prior to the commencement of the proceedings to widen it, and that no money has been expended by the city towards the improvement. These facts present squarely the question whether assessments for benefits can be imposed before the contemplated public improvement is completed.

The procedure is under chapter 152 of the laws of 1917. *Pamph. L.* 1917, *p.* 319. Section 1 of article 20 (page 370) defines a local improvement as one, the cost of which, or a portion thereof, may be assessed upon lands in the vicinity thereof benefited thereby. The same section gives to a municipality the power to undertake as a general improvement to be paid for by general taxation any or all of the works set forth in the section, as those which can be undertaken as local improvements. Article 20 of the act contains several sections relating to the time when assessments for benefits can be made. These sections are as follows: Section 14 provides: "Upon the completion of any local improvement, the board or body in charge thereof shall immediately notify the officer or board in the municipality that is

charged with the duty of making the assessments for benefits, and request that a proper assessment be made on any lands or real estate that may have been benefited or increased in value by such improvement. The board in charge of such improvement shall furnish to the assessing officer or board a statement showing in detail the cost of such improvement, which shall include the cost of any land, real estate or right of way purchased or condemned in connection with the improvement, and also the cost of advertising, financing and inspecting the same and engineering expenses."

Section 18 provides: "In any municipality where no such board is provided for by law, or by such ordinance, the governing body may, by resolution, upon the completion of any local improvement, appoint three discreet freeholders who shall be residents of the municipality and in no way interested in such improvement, in which instance the freeholders so appointed shall make the assessment for such particular improvement."

Section 20 provides: "The officer or board charged with the duty of making assessments for benefits, when notified of the completion of a local improvement, shall examine the said work and view all lands and real estate in the vicinity of said local improvement benefited by such improvement. Said officer or board shall thereupon fix a time and place for the hearing of all persons interested. Notice of the time and place of such hearing shall be given by at least one publication in a newspaper circulating in the municipality at least ten days before such hearing. Notice of such hearing shall be mailed to the owners of all lands affected, directed to the last-known post-office addresses of such owners. Such notices shall be mailed and published by such clerk or official as the governing body may designate."

Section 24, page 380, provides: "All assessments levied under this act for any local improvement shall in each case be as near as may be in proportion to the peculiar benefit, advantage or increase in value which the respective lots and parcels of lands and real estate shall be deemed to receive by reason of any such improvement, and in no case shall any

assessment on any parcel of land exceed in amount such peculiar benefit, advantage or increase in value."

It is impossible to read these sections without coming to the conclusion that the legislative scheme was to have assessments for benefits for local improvements made after the improvement had been completed. Thus, section 14 provides that "upon completion of any local improvement" the board in charge of the work shall notify the board having charge of making assesments for benefits, and request that a proper assessment be made on any lands that may have been benefited or increased in value by such improvement. A detailed statement of the cost of such improvement is to be furnished the board of assessment. If a local improvement has not been completed these directions cannot be carried out. The other sections quoted contain similar provisions, impossible of execution, if an assessment for benefits can be made prior to the completion of the improvement. To attempt to assess benefits for a local improvement prior to the making of said improvement is to subject property to a mere guess or conjecture as to the special benefit which the improvement will add to the property assessed. It might happen that the improvement would never be made. If the improvement were made, it might be apparent that it was of no special benefit to the property which had been assessed.

In the present case there is not even any data as to what the cost of the improvement will be. No contracts have been let. No bids asked for. It is true that the report of the commissioners of assessment states that the cost of the work is $572,570.49. But how could this sum have been determined when no work has been done or contracted for? It must be a guess. Property owners are protected from such conjectures under our decisions and constitution. In the first place, it is well settled that the power of a municipality in the matter of street improvements is a specially delegated power, and the acts of a municipality are legal only when they strictly follow the procedure laid down by the legislature. *Terhune* v. *City of Passaic*, 41 *N. J. L.* 90. The method outlined by the legislature under article 20 of

chapter 152 of the laws of 1917, has not, in our opinion, been followed as it should have been in the proceedings under review. In the second place, the provision of paragraph 12, section 7, article 4 of the state constitution, as amended, which provides that "property shall be assessed for taxes under general laws and by uniform rules according to its true value," prohibits the laying of any tax upon property which is not determined by a special benefit derived or by a valuation of the property with respect to which it is laid upon a uniform rule of valuation at its true value. *Jersey City* v. *Vreeland,* 43 *Id.* 638.

No determination can be made as to whether or not a property is specially benefited by a local improvement until the improvement has been actually completed, and an examination and view thereof obtained, by those having in charge the duty of making assessments for benefits.

The appellant further contends that the assessment is void because no notice, as required by law, was given. The only notice given of a hearing before the commissioners of assessment is that contained in the notice that the commissioners of assessment would meet on March 7th, 1923, "to appraise and determine the value of the land and real estate to be taken, and the damages that may be sustained by reason of taking the same." It will be observed that this is a notice of a hearing to determine what shall be paid to the landowner for the land to be taken and the damages sustained by reason of the taking. It does not disclose that the matter of assessment for benefits is to be considered. This question is separate and distinct from the one mentioned in the notice. A landowner might not be interested in the question of land values but might be deeply interested in the question of a contemplated assessment for benefits. An interested party is entitled to be heard. No hearing is accorded him if a notice fails to apprise him that a hearing is to be held upon the question in which he is interested. The law under which the proceedings were conducted provides for the giving of a notice of the making of assessments for benefits. Section 20 of article 20 (*Pamph. L.* 1917, *p.* 377) provides: "That the

officer or board, charged with the duty of making assessments for benefits, when notified of the completion of a local improvement, shall examine the work and view all the lands benefited thereby; that the officer or board shall fix a time and place for the hearing of all persons interested, and that notice of the time and place of such hearing shall be published and also mailed to the owners of lands affected."

Section 21 provides that the "* * * board * * * shall give all parties interested or affected by the improvement ample opportunity to be heard upon the subject of the assessment." It is also fundamental that a landowner specially affected by a public improvement should be informed either by actual or constructive notice of the time and place when it is proposed to consider the question in which he is interested. The act is a judicial one. A person is not bound by proceedings of a judicial character affecting his person or property without having been afforded an opportunity to be heard. *Groel v. Newark, 78 N. J. L. 142, 144.

In the present case we find that the prosecutor was not given the notice with respect to the making of assessments for benefits to which he was entitled.

We feel that it is unnecessary to consider the other grounds of appeal presented. For the reasons considered the proceedings under review will be set aside.

*For affirmance*—None.

