ERNEST SCHACHT ET AL., PROSECUTORS, v. CITY OF
PASSAIC, DEFENDANT.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Greenburg & Wilinsky* and *William N. Gurtman.*

For the defendant, *Thomas E. Duffy.*

PER CURIAM.

This writ of *certiorari* seeks to review certain assessments levied against properties of the prosecutors for the widening of Broadway, in the city of Passaic.

The ordinance providing for the widening between Gregory avenue and Paulison avenue was introduced April 3d, 1928, and adopted April 24th, 1928. The ordinance providing for the widening between Lafayette avenue and Linden street was adopted March 19th, 1929. The funds were appropriated by ordinances in September and November, 1930. Notices of intention in each case were duly served on the prosecutors, setting times and places for the hearing of persons whose property was to be affected. In 1931 proceedings were commenced for the levying of assessments on properties benefited, and on March 8th, 1932, the assessment report was confirmed by the governing body.

Prosecutors urge three reasons for setting aside the assessments. First, that the city of Passaic is estopped, both in fact and in law, from assessing the prosecutors. It appears that portions of prosecutors' properties were taken for the project and damages were fixed and paid to them by the city. The contention under this point is that the benefits should have been determined at the time the damages were paid and these items balanced against each other so far as possible, and that the failure of the city to follow this procedure estops it from subsequently assessing the benefits. The Court of Errors and Appeals held to the contrary in *Gross* v. *Hague,* 99 *N. J. L.* 457; 123 *Atl. Rep.* 744, and that disposes of the first point.

Second, that the notice of intention in each instance throughout these proceedings did not inform the prosecutors of the fact that the same was to be a local improvement. The notices did not state that the improvements were to be local. The ordinances provided that the cost of the improvements was to be "assessed in accordance with the laws governing said city." In *Burstiner* v. *East Orange,* 100 *N. J. L.* 385; 127 *Atl. Rep.* 243, the Court of Errors and Appeals held a notice similar in form to those in the instant case to be insufficient because it did not give notice to property owners that the work was to be done as a local improvement for which assessments might be made against abutting property owners, and that case is relied upon by the prosecutors herein. However, since that decision chapter 244 of the laws of 1928 has been enacted. That statute was approved April 3d, 1928, and became effective immediately, which was the date of the introduction of the first of the ordinances concerned in this case. It therefore applies to the case. It provided that when a municipality widens a street "such proceeding shall be deemed to be a local improvement, and assessments for benefits may be made immediately thereupon, * * * after hearings are held, upon notice in the same way and manner as provided for in article 20 of the act to which this act is a supplement * * *." We conclude that, since the improvement was a local one by the terms of the statute, the notices of intention apprised the prosecutors that an improve-

ment was in contemplation for which an assessment would be levied against properties benefited thereby; and that the notices satisfied the statutory requirements for notice.

Third, that the governing body of the city of Passaic did represent and promise the prosecutors at an official hearing that the costs and expenses of said improvement would be a general improvement, and would not be assessed against the property owners as a local improvement. Several of the prosecutors testified they were told at one of the hearings by the then mayor that their properties would not be assessed for the widening. The former mayor and two members of the governing body at that time corroborate this. Others present testified to being unaware of any such statement. The official records of the city show no action upon such matter. Without deciding the factual question of whether or not such a representation was made by individual members of the governing body, we think the city could not be bound by any such oral statement. Municipalities must act by ordinance or resolution. Article 20 of the act, which concerns improvements, says: "Whenever any ordinance shall be passed by the governing body of any municipality for making any improvement or performing any work, all further acts and proceedings which it may be necessary for said governing body to take to carry out said improvement or work to completion, and all orders relating thereto, may be by resolution." We conclude that the city could not be bound by the representations alleged to have been made at the hearing and that the prosecutors were not justified in relying upon such oral statements. They could have pressed their objections and sought official action in the manner provided by law.

It is not necessary to consider the question of laches. The writ is dismissed, with costs.