Division of Tax Appeals.

IN THE MATTER OF THE APPEALS FILED BY THE CITY OF JERSEY CITY TO INCREASE THE 1945 TAX ASSESSMENTS LEVIED ON REAL PROPERTY LOCATED IN SAID CITY, OTHER THAN SECOND CLASS RAILROAD PROPERTY.

Decided September 3, 1946.

WAESCHE, President. On or about January 10th, 1945, the assessor of Jersey City filed with the Hudson County Board of Taxation his 1945 complete assessment list and duplicate, as the law required him to do. Chapter 120, *Pamph. L.* 1943; *N. J. S. A.* 54:4–35. The Hudson County Board of Taxation, after investigation, revised, corrected, and equalized the assessed value of all real property in Jersey City, and did everything necessary for the taxation of property in Jersey City equally and at its true value, as the law required it to do. *R. S.* 54:4–46, 54:4–47; *N. J. S. A.* 54:4–46, 54:4–47. Jersey City certified to the Hudson County Board of Taxation its budget for the year 1945, and the said Tax Board computed and determined the tax rate for Jersey City for the year 1945 at the rate of $6.072 per $100 of valuation. Chapter 316, *Pamph. L.* 1942; *N. J. S. A.* 54:4–52.

The Hudson County Board of Taxation certified to the Jersey City tax collector the revised and corrected 1945 assessment list and duplicate and the 1945 tax rate of $6.072. The Jersey City tax collector collected the 1945 taxes levied on the real property located in Jersey City on the valuation assessments as fixed and determined by the Hudson County Board of Taxation at the tax rate of $6.072 per $100 of valuation.

On June 19th, 1945, the Board of Commissioners of Jersey City adopted the following resolution:

"Whereas the forms of petition of appeal adopted by the Hudson County Board of Taxation require that the petitioner be duly authorized to make the affidavit or verification required thereby, now therefore, be it

"Resolved, that the Director of Revenue and Finance or his deputy be and they hereby are authorized to execute petitions of appeal by the City of Jersey City to the Hudson County Board of Taxation in all cases where the assessment, as certified by the Hudson County Board of Taxation for the year 1945, does not reflect the true value of the property assessed, and they are further authorized to do and take any or all other action or actions that may be required to prosecute the same to final determination."

Pursuant to the foregoing resolution, the Deputy Director of the Department of Revenue and Finance of Jersey City filed with the Hudson County Board of Taxation 12,000 appeals from the 1945 valuation assessments on real property located in Jersey City. By these 12,000 appeals Jersey City requested that the valuation assessments on the properties covered by the appeals be increased a total of $67,966,925. Such an increase in the assessed value of these properties would warrant the collection of $4,126,951.69 more taxes for 1945 than was authorized or required by the city's 1945 budget.

The total assessed value of real property in Jersey City for the year 1945 as fixed and determined by the Hudson County Board of Taxation is $315,918,592. The total assessed value of the real property covered by the 12,000 appeals for the year 1945 as fixed and determined by the Hudson County Board of Taxation is $144,939,825, which is approximately forty-six (46%) per cent. of the total 1945 valuation assessment on all real property in Jersey City.

On September 25th, 1945, the Hudson County Board of Taxation adopted the following resolution:

"RESOLVED, that all petitions of appeal filed by the City of Jersey City for the increase of assessments for the year 1945 upon real property situate in that taxing district, be and the same are hereby dismissed; and be it

"FURTHER RESOLVED, that a written order dismissing such

petitions of appeal in accordance with this resolution be signed by Commissioners Loori, Wilkens and Ruhlmann, and that the same be incorporated into and made a part of this resolution as though recited in full; and be it

"FURTHER RESOLVED, that certified copies of said order be forwarded to the Attorney and Collector of Taxes for said taxing district."

Pursuant to the foregoing resolution, on September 28th, 1945, the Hudson County Board of Taxation entered the following order:

"Appeals in writing having been filed with the Hudson County Board of Taxation by the taxing district of Jersey City in each of which it is alleged that said taxing district feels discriminated against by reason of the assessed value of the several parcels of property described in each of said petitions, for taxation for the year 1945, located in Jersey City, in the County of Hudson;

"And it appearing to the Hudson County Board of Taxation that each of said petitions of appeal is filed without authority in law and that each of said petitions is insufficient to confer jurisdiction upon this Board;

"It is, on this 28th day of September, 1945, ORDERED that each and all of the petitions of appeal filed with this board by the taxing district of Jersey City for the increase of assessments for 1945 upon real property situate in the City of Jersey City be and they are hereby dismissed."

From the foregoing order of the Hudson County Board of Taxation, Jersey City filed with the Division of Tax Appeals 876 separate appeals. Several of the interested property owners have moved to dismiss those particular appeals which concern their properties on the ground that the Division of Tax Appeals is without jurisdiction to hear them. They contend that the appeals were filed with the Hudson County Board of Taxation without any authority in law, *ergo,* the Hudson County Board of Taxation had no jurisdiction to hear them. Therefore, the judgment of the Hudson County Tax Board should be sustained, and the appeals dismissed. Since that same question applies to all the 876 1945 Jersey City appeals now before the Division of Tax Appeals, we are

concerned with whether or not we have jurisdiction to hear any of them.

By special statutory authority, a taxing district *"which may feel discriminated against by the assessed valuation of property in the taxing district"* may appeal to the County Board of Taxation, *R. S.* 54:3–21; *N. J. S. A.* 54:3–21. In other words, a taxing district may appeal "the assessed valuation of property in the taxing district" only when it "feels discriminated against" by reason of such assessments. Thus a taxing district's right to appeal is expressly limited and qualified by the statute. This legislative authority to appeal is. not general; it is conditional.

Every word of the statute permitting taxing districts to appeal to county boards of taxation must be given its full significance and meaning; hence the meaning attributed to the words *"may feel discriminated against."* The cardinal principle for the construction of statutes is that they are to be construed so that, if possible, full effect shall be given to all parts of the statute. And a statute ought upon the whole to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant. *Den ex dem. James* v. *DuBois,* 16 *N. J. L.* 285, 293; *Steel* v. *Freeholders of Passaic,* 89 *Id.* 609, 612; 99 *Atl. Rep.* 318; *Household Finance Corp.* v. *State Board of Tax Appeals,* 119 *N. J. L.* 230, 234; 196 *Atl. Rep.* 219; *Diorio* v. *Fair Lawn,* 118 *N. J. Eq.* 556, 562; 180 *Atl. Rep.* 557.

Municipalities or taxing districts have only the authority granted them by the legislature. In the case of *New Jersey Good Humor, Inc.,* v. *Bradley Beach,* 124 *N. J. L.* 162, 164; 11 *Atl. Rep.* (*2d*) 113, the Court of Errors and Appeals said:

"A municipal corporation is the creature of the legislature, and possesses only such rights and powers (a) as have been granted in express terms; (b) as arise by necessary or fair implication; or are incident to the powers expressly conferred, and (c) as are essential to the declared objects and purposes of the municipality—not merely convenient, but indispensable. * * * Any reasonable or fair doubt of the existence of the asserted power, or any ambiguity in the statute whence it springs, or those *in pari materia,* is to be

resolved against the municipality, and the power is denied. Municipalities are to be confined within the limits that a strict construction of the grants of powers will assign to them."

See, also, *Meday* v. *Rutherford,* 65 *N. J. L.* 645; 48 *Atl. Rep.* 529, and *Kosich* v. *Dover Township,* 112 *N. J. L.* 281; 170 *Atl. Rep.* 248. In the case of *Englewood* v. *Hopper,* 54 *N. J. L.* 544; 23 *Atl. Rep.* 948, the Supreme Court held that any power to increase valuations of property for the purposes of taxation was a statutory power which must be exercised in strict compliance with the statute conferring jurisdiction. Consequently, a municipality's right to appeal to a county board of taxation is purely statutory and is strictly limited to the powers granted by the statute.

In addition to being strictly limited to the authority granted them by statute, municipalities and taxing districts must show upon the face of their records all facts necessary to the exercise of the authority granted them by the legislature. As we have seen, the authority of a municipality or taxing district to appeal is expressly upon the condition that the taxing district *feels discriminated against* because of the "assessed valuation of property." Therefore, a taxing district must show upon the face of its records that it *feels discriminated against* as a condition precedent to its right to appeal. *State, Trask, pros.,* v. *Carragan, Collector of Bayonne,* 37 *N. J. L.* 264; *State, Inhabitants of West Hoboken, pros.,* v. *Anderson, Collector,* 38 *Id.* 173; *Clark Thread Co.* v. *Kearney Township,* 55 *Id.* 50; 25 *Atl. Rep.* 327; *McCallum* v. *Assessors,* 58 *N. J. L.* 544; 34 *Atl. Rep.* 755. And the official records of the appealing municipal taxing district must also show whether it feels discriminated against because of assessments "in the taxing district" or because of assessments "in another taxing district in the county." *R. S.* 54:3–21; *N. J. S. A.* 54:3–21. The legislature apparently recognized that assessments "in the [appealing] taxing district" might be *too high* compared with assessments in the other taxing districts in the county or that assessments "in another taxing district in the county" might be *too low* compared with assess-

ments in the appealing taxing district, in either of which cases the appealing taxing district might feel discriminated against. But that situation does not now confront us. The appeals we are now considering are from assessments in the appealing taxing district, although they were not filed because the assessments are *too high,* but because the asesssments are *too low.* Therefore the feeling of discrimination which must open the door for these appeals to lie could be aroused only because these particular properties in Jersey City are assessed *too low.* Of course the Board of Commissioners of Jersey City could not, in good faith, declare that Jersey City feels discriminated against without first having full knowledge of the particular assessments which gave rise to such feeling. Since those are the only assessments which could be appealed by the taxing district, no one except the Board of Commissioners could, possibly know which assessments to appeal. Therefore, the Board of Commissioners of Jersey City must also designate on their official records the particular assessments which they feel are discriminatory and which should, therefore, be appealed. In the case of *Perrine* v. *Farr,* 22 *N. J. L.* 356, 366, the Supreme Court held that:

"No principle is better settled, than that an officer exercising special statutory authority, or a tribunal of limited jurisdiction, must *show* its authority. If the case is not shown to be within the jurisdiction, it is presumed to be without it."

In the case of *Carron* v. *Martin,* 26 *N. J. L.* 594, 600, the Court of Errors and Appeals said:

"In our judgment, public policy requires that the proceedings of our numerous municipal corporations should be kept strictly within the limits assigned to them by the statutes authorizing them, *and if they appear not to come within those limits, they should not only be liable to reversal by certiorari, but also be held void and insufficient* to support a title professing to be founded on them."

In the case of *State* v. *Council of Elizabeth,* 30 *N. J. L.* 176, 178, the Supreme Court said:

"Inferior jurisdictions have upon them the burthen of showing their acts to be within the authority granted to them.

What are called jurisdictional facts must appear on the face of their proceedings or otherwise."

In the case of *State, Evans, pros.,* v. *Mayor and Common Council of Jersey City et al.,* 35 *N. J. L.* 381, 386, the Supreme Court said:

"As they were exercising a special power, they must show, on the face of their proceedings, that they have pursued strictly the authority vested in them by the statute under which they act."

In the case of *State, Wilkinson et al.* v. *Inhabitants of Trenton,* 36 *N. J. L.* 499, 501, the Court of Errors and Appeals held that:

"The rule, when applied to public bodies entrusted by statute with powers of a general nature, where their acts are verified by an entry in their minutes, kept by the proper officer, is equally stringent, that it must appear from an inspection of all the proceedings when properly before the court, that they have kept strictly within their limited sphere."

In the case of *Jersey City* v. *Hudson County Board of Taxation,* 130 *N. J. L.* 309, 312; 32 *Atl. Rep.* (2d) 594, 596, the Supreme Court said:

"The county board of taxation is a special tribunal, and it is well settled that such tribunals should show upon the face of their record all facts necessary to give jurisdiction."

It has been repeatedly held that a municipality exercising a specially delegated power must strictly follow the procedure laid down by the legislature. The right of a municipality to appeal to the county board of taxation the assessed valuation of property is conditioned upon the municipality's acting in good faith. This good faith must be shown by the exercise of reasonable discretion in the public interest when determining by resolution that the taxing district feels discriminated against because of certain assessments. The adoption of such a resolution is a step in the procedure required by the statute which must be followed before the right to appeal will lie. In the case of *State* v. *Perth Amboy,* 29 *N. J. L.* 259, the Supreme Court held that the proceedings of municipal corporations must be exercised substantially in compliance with

the terms on which they are granted. "Those terms," the court said, "are the conditions on which the power is given, and any material departure from them is fatal to the proceeding." In the case of *State, Baxter, pros.,* v. *Mayor and Alderman of Jersey City,* 36 *Id.* 188, the Supreme Court held that, "Every requirement of the statute prescribing the procedure to enforce it must be strictly conformed to." See, also, *Paret* v. *Bayonne,* 39 *Id.* 559; *Fleischauer* v. *West Hoboken,* 40 *Id.* 109; *Jones* v. *Landis Township,* 50 *Id.* 374; 13 *Atl. Rep.* 251; *McGovern* v. *Board of Public Works,* 57 *N. J. L.* 580; 31 *Atl. Rep.* 613; *App* v. *Stockton,* 61 *N. J. L.* 520; 39 *Atl. Rep.* 921; *Gross* v. *Hague,* 99 *N. J. L.* 457; 123 *Atl. Rep.* 744.

As we have seen, in order for Jersey City to appeal any assessment, the Board of Commissioners of Jersey City must first determine, by the exercise of reasonable discretion, that the taxing district of Jersey City feels discriminated against by reason of certain property assessments, and then order appeals to be taken from those particular assessments. These necessary steps in the procedure leading to an appeal by Jersey City to the Hudson County Board of Taxation cannot be delegated to subordinate city officials. In the case of *Schwartze* v. *Camden,* 77 *N. J. Eq.* 135, 140; 75 *Atl. Rep.* 647, 649, the court said:

"Where the legislature confers upon the legislative body of a municipality a power of such inherent quality, or in such manner that the exercise of the power in accordance with the legislative intent may be reasonably said to include the deliberative and concerted judgment and discretion of the members of the municipal legislative body, I think there can be found in the adjudicated cases no justification for a delegation of the discretion so conferred."

See, also, *State, Danforth, pros.,* v. *Paterson,* 34 *N. J. L.* 163; *Harcourt* v. *Asbury Park,* 62 *Id.* 158; 40 *Atl. Rep.* 690; *Levy* v. *Mravlag,* 96 *N. J. L.* 367; 115 *Atl. Rep.* 350; *Librizzi,* v. *Plunkett,* 126 *N. J. L.* 17, 22; 16 *Atl. Rep.* (2d) 280; 1 *Dillon Municipal Corporations* (5th ed.) 460, § 244; 1 *McQuillan Municipal Corporations* (2d ed.) 1093, § 393.

It does not appear that the Board of Commissioners of Jersey City adopted any resolution declaring that the city felt discriminated against. It does not appear that the Board of Commissioners of Jersey City ordered any assessments appealed to the Hudson County Board of Taxation because the city felt discriminated against. It appears that the Board of Commissioners of Jersey City authorized appeals of assessments only because they did not reflect the true value of the property assessed, but the resolution does not mention any specific assessment from which an appeal was to be filed. From the record before us, it is obvious that the City of Jersey City did not follow the procedure necessary to file any of the 12,000 appeals with the Hudson County Board of Taxation. But even if the Board of Commissioners of Jersey City had declared that the taxing district of Jersey City felt discriminated against and specified the assessments of property in the taxing district which caused such feeling, we think the Hudson County Board of Taxation's action in dismissing the appeals would have been proper. In our opinion, the facts in this case prove conclusively that the city could not reasonably have felt discriminated against because of the assessments appealed to the County Tax Board. Therefore, any resolution of the Board of Commissioners stating that the city felt discriminated against would have been in bad faith, contrary to the public interest, and therefore void. The assessments appealed to the Hudson County Board of Taxation were on real property which bore approximately fifty per cent. of the total assessments on real property in Jersey City. It must be assumed that the land values in Jersey City for 1945 were uniformly assessed, as the law requires. See our opinion in the 1943 Jersey City appeals, 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (2d) 189. An examination of the assessments on land appealed to the Hudson County Board of Taxation reveals that any increase in those assessments would raise them above the other assessments on comparable land in the same neighborhood which were not appealed, thus destroying the uniformity in the assessments as originally assessed and increasing the tax burden. Furthermore, if the assessments

on the real property under appeal were increased $67,966,925 as Jersey City requests, the state and county taxes assessed against Jersey City would be substantially increased. Consequently, the city would only be injured if the assessments on the land under appeal were increased. Therefore, it could not reasonably have felt discriminated against because of the assessments on land. The mere fact that assessments are below the true value of the property assessed does not give the city any right to appeal such assessments. That alone would not necessarily cause any discrimination against the city. The primary purpose of the law is to assess property uniformly, as required by the constitution, so that all property, except such as shall be exempt by law, shall bear its full, equal, and just share of taxes. In the case of *Trustees of Public Schools* v. *City of Trenton,* 30 *N. J. Eq.* 667, 677, the Court of Errors and Appeals said:

"The constitutional provision invoked relates only to the assessment of taxes, and in that respect it concerns only such equalization of the burdens of taxation as will result from the designation of the property which shall be the subjects of taxation, and the apportionment of the taxes thereon under general laws, by uniform rules and upon true valuations. The reasons which induced the adoption of this constitutional provision are deep-seated in principles of public policy. Its object was to secure to the people of the state the equalization of taxation, so far as was practicable, by requiring the imposition of taxes on property by general laws, on the principle of uniformity in the subjects of taxation and in valuations."

In the case of *State, ex rel. Trustees, &c.,* v. *Township Committee of Readington,* 36 *N. J. L.* 66, 70, the Supreme Court said:

"It is of the very essence of taxation that it should be equal and uniform, and that where the burden is common there should be a common contribution to discharge it."

See, also, *Trenton Water Co.* v. *Parker, Receiver,* 32 *N. J. L.* 426; *Weehawken Township* v. *Roe, Clerk of Hudson County Freeholders,* 36 *Id.* 86; *Stratton* v. *Collins,* 43 *Id.* 562; *Jersey City* v. *Vreeland,* 43 *Id.* 638; *Gross* v. *Hague,*

*supra; City of Newark* v. *Timer et al.,* 12 *N. J. Mis R.* 125; 170 *Atl. Rep.* 37; *Middletown* v. *Ivins,* 102 *N. J. L.* 36; *Township of Hillsborough* v. *Cromwell,* 66 *S. Ct.* 445.

Moreover, the law does not permit a municipality to raise more money by taxation than the amount which is authorized by the annual municipal budget. By these appeals the Board of Commissioners of Jersey City are actually endeavoring to circumvent this law. The increase they seek in the assessments appealed to the Hudson County Board of Taxation would warrant the collection of $4,126,951.69 more taxes for 1945 than is authorized by the city's 1945 budget. The legislature did not intend to provide a detour through the county boards of taxation by which municipalities might by-pass its laws controlling municipal budgets, thereby rendering them nugatory. (See our opinion in the matter of the appeals filed by the City of Jersey City to increase the 1943 valuation tax assessments levied on real property located in said city, other than second class railroad property. 23 *N. J. Mis. R.* 311; 44 *Atl. Rep.* (2d) 189.) And it is the duty of the administrative and judicial branches of the government to vindicate the law and to prevent its frustration.

The appeals filed by Jersey City with the Hudson County Board of Taxation to increase the 1945 valuation assessments on certain parcels of real property were filed without authority in law. Consequently, they were insufficient to confer jurisdiction upon the Hudson County Board of Taxation to hear said appeals. Since the Hudson County Board of Taxation had no jurisdiction to increase the assessments here under appeal, obviously neither have we. It is our duty to take notice of our lack of jurisdiction and to make an examination of our jurisdiction on our own motion. "Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction." 21 *C. J. S., Courts,* 174, § 113. "When at any time or in any manner it is represented to the court that it has not jurisdiction, the court should examine the grounds of its jurisdiction before proceeding further, the question of jurisdiction being always open for determination." 21 *C. J. S., Courts,* 175, § 113. "A court is

bound to take notice of its limits of its authority; and it is its right and duty to make a preliminary examination of its jurisdiction to entertain the cause, of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel." 21 *C. J. S., Courts,* 175, § 114. Moreover, "where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void, not voidable." 21 *C. J. S., Courts,* 177, § 116.

The judgment of the Hudson County Board of Taxation will be affirmed, and the appeals therefrom to the Division of Tax Appeals will be dismissed.