ALBERT STEEL, PLAINTIFF AND RESPONDENT, v. THE
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY
OF PASSAIC ET AL., DEFENDANTS AND APPELLANTS.

Submitted July 10, 1916—Decided November 20, 1916.

1. The Civil Service act (*Comp. Stat.*, *p.* 3795) did not take effect
   in the county of Passaic until after the expiration of forty-five
   days from November 5th, 1912, the day on which the election
   was held at which it was adopted by the voters of the
   municipality.
2. The cardinal principle for the construction of statutes is that
   they are to be so construed that, if possible, full effect shall be
   given to all parts of the statute.
3. A statute ought upon the whole to be so construed that, if it can
   be prevented, no clause, sentence or word shall be superfluous,
   void or insignificant.

On appeal from the Supreme Court.

For the appellants, *Frederick W. Van Blarcom.*

For the respondent, *Hunziker & Randall.*

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below, some time before Jan-
uary 1st, 1908, was employed by the board of chosen free-
holders of the county of Passaic as keeper in the county jail.
He continued in that employment until December 16th, 1912,
when, pursuant to an order of the sheriff dismissing him from
such employment, he discontinued the same until he was re-
instated by the sheriff on March 29th, 1913, pursuant to an
order of the civil service commission.

By this suit, brought against the board of chosen free-
holders and the sheriff, the plaintiff sought to recover his sal-
ary for the period between his removal and reinstatement.

The trial judge, sitting without a jury, at the Passaic Cir-
cuit, rendered judgment of nonsuit as to the sheriff, and a
judgment in favor of the plaintiff and against the board of

freeholders for the amount of the plaintiff's claim. The board of freeholders appeals.

We are of the opinion that the appeal is well taken.

The learned trial judge considered that the plaintiff was protected from removal by the Civil Service act. *Comp. Stat., p.* 3795.

But that depends upon whether or not that act had taken effect in Passaic county at the time the plaintiff was removed.

It is conceded that, leaving out of account the Civil Service act and kindred legislation, the sheriff had been invested by the legislature with the absolute power of removal of a keeper of the county jail. It is also conceded that such power subsisted unless the sheriff had been deprived of it by the taking effect in Passaic county of the Civil Service act. *Sullivan* v. *McOsker,* 84 *N. J. L.* 380.

Now, although the Civil Service act was adopted by the legal voters of the county of Passaic at the general election held on November 5th, 1912, yet we think that by its terms it did not become operative in the county until forty-five days thereafter, that is until December 20th, 1912, and that was four days after the removal of the plaintiff. And in saying this we are dealing with the act as it stood in December, 1912, and without reference to the supplement of March 2d, 1915. *Pamph. L., p.* 49.

The act provides: "Section 1. * * * After the expiration of forty-five days from the time of its adoption by any municipality of this state as hereinafter provided, appointments to and promotions in the civil service of such municipality shall be made only according to merit and fitness, to be ascertained as far as practicable by examinations, which as far as practicable shall be competitive; *and after the expiration of said * * * forty-five days * * * no person shall be appointed, transferred, reinstated, promoted, reduced or dismissed as an officer, clerk, employe,* or laborer in the civil service under the government of * * * such municipality thereof as shall adopt the provisions of this act as hereinafter provided, in any manner or by any means other than those prescribed in this act." *Comp. Stat., p.* 3795, ¶ 57.

The effect of that section was to postpone the taking effect of the act until forty-five days after its adoption by the municipality. On this subject the Supreme Court in *Ziegler* v. *Burk,* 83 *N. J. L.* 207, said: "In the case before us, it appears that the Civil Service act was adopted by the city of Trenton at the general election held November 7th, 1911; consequently it became operative in the city of Trenton forty-five days thereafter (section 1); that is, on the 22d day of December of that year."

The Civil Service act not becoming operative in the county of Passaic until the 20th day of December, 1912, the sheriff of the county had full power and authority to discharge the plaintiff at any time before that date with or without cause; and having such authority, such discharge was not unlawful.

The court below, following the contention of the plaintiff, we think erroneously held that section 2 of the Civil Service act (*Comp. Stat., p.* 3795, ¶ 58) controlled the time of the taking effect of the act to the exclusion of the specific provisions of section 1.

Section 2 of the act provides that "All officers, clerks and employes now in the employment of * * * any municipality adopting this act * * * shall continue to hold their offices or employments, and shall not be removed therefrom except in accordance with the provisions of section twenty-four hereof."

If the contention that the word "now" in section 2 refers to the time of the adoption of the act by any municipality is correct, then the provision of section 1 that "After the expiration of * * * forty-five days * * * no person shall be * * * reduced or dismissed as an officer, clerk, employe or laborer * * * in any manner or by any means other than those prescribed in this act," is rendered valueless and without meaning.

To adopt that contention would be clearly in violation of the well-settled rule for the construction of statutes.

The cardinal principle for the construction of statutes is

that they are to be so construed that if possible full effect shall be given to all parts of the statute. *State, Morris and Essex Railroad Co.* v. *Commissioners of Railroad Taxation,* 37 N. J. L. 228.

The statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. *James* v. *DuBois,* 16 N. J. L. 286.

To give the word "now" in section 2 its generally accepted meaning, which is "immediately" or "at the time of the approval of the act by the governor," would be repugnant to the whole intent of the act, which is to make the act applicable only after its adoption by a municipality; so that the word "now" cannot be used in its generally accepted sense, and we must look for some other meaning to be given to the word which will, if possible, give full force and effect to every other provision of the act.

Now section 31 of the act (*Comp. Stat., p.* 3807, ¶ 87) provides that after the act has been submitted to the voters of any municipality and the vote had thereon, "a canvass and return of the votes upon the question of the acceptance of this act shall be made by the election officers in the same way and manner as for officers voted at such election, and *if a majority of the votes* cast for and against the acceptance of this act *shall be found to be in favor of its acceptance, it shall then, but not otherwise, become operative* in such municipality."

This provision brings us to the operation of the election machinery of this state. The law provides that at the close of the election the members of the district boards of registry and election shall count the votes (*Comp. Stat., p.* 2107, § 89) and shall make a statement of the result (*Pamph. L.* 1912, *p.* 637), and shall file such statement with the county clerk within *two days* after the election (*Pamph. L.* 1911, *p.* 723); that the county board of elections, as the county board of canvassers, shall meet *on Monday following the election,* at twelve o'clock noon (*Comp. Stat., p.* 2111, § 103), but

that it may *adjourn to the following day,* and may then *adjourn for a period not exceeding three days (Comp. Stat., p.* 2111, § 105) ; that from the statements filed by the district boards of registry and election with the county clerk, the county board of canvassers shall proceed to make a statement of the votes cast at the election *(Comp. Stat., p.* 2112, § 108) ; and shall certify to the election and file a certificate of election together with the statement with the county clerk *(Comp. Stat., p.* 2113, § 111) ; that the county clerk shall then make out a certificate of election and send the same without delay to each person elected. *Comp. Stat., p.* 2114, § 114.

From this it appears that an official determination of the result of the election in a county could not be had until six (and it might be ten) days after the day on which the election is held, and it is upon this official determination that the operation of the Civil Service act, in a municipality adopting it, depends; section 31 of the act *(Comp. Stat., p.* 3807, § 87) providing that if upon such canvass a majority of the votes cast "shall be found to be in favor of its acceptance *it shall then, but not otherwise, become operative* in such municipality."

Briefly put, the word "now" in section 2 of the act cannot mean the day the act was approved, because by its own provisions the act must first be adopted by a municipality before it becomes effective therein. Neither can the word "now" be construed to mean the day the election at which the act was adopted by a municipality was held, because of the provisions of section 31 of the act; it therefore necessarily follows that the word "now" refers to the time fixed by section 1 of the act, which is forty-five days after the day on which the election was held.

This being so, and the Civil Service act not being in force in Passaic county at the time of the dismissal of the plaintiff, his dismissal was legal and the defendant is not liable.

The judgment of the court below will be reversed and a new trial awarded.

*For affirmance*—KALISCH, J.   1.

