WALTER BOGERT ET AL., APPELLANTS, v. HACKENSACK WATER COMPANY, RESPONDENT.

Argued March 23, 1925—Decided May 18, 1925.

Normally, the owner of a grist mill is under no obligation to serve the whole of the public, irrespective of his own wishes in the matter, and the legislative grant of a limited exercise of the power of eminent domain, contained in "An act concerning mills and mill dams" (*Comp. Stat.. p. 3397*). does not confer this power upon all owners of grist mills, but limits it to those owners whose mills have been used as public grist mills for twenty years or more.

On appeal from the Supreme Court, whose *per curiam* is printed in *3 N. J. Mis. R. 107.*

For the appellants, *Morrison, Lloyd & Morrison.*

For the respondent, *Wendell J. Wright.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a judgment of the Supreme Court upon a writ of *certiorari* affirming an order made by Mr. Justice Parker, appointing

commissioners for the condemnation of lands of the appellants, under the authority of the Eminent Domain act. The property sought to be condemned is occupied and used by the appellants as a grist mill, operated by water power, and has been so used by them and their predecessors in title for many years. The contention of the appellants, both in the Supreme Court and here, is that the order appointing commissioners is invalid, for two reasons: The first is that the right to acquire property by condemnation for the uses of its water supply system has never been conferred by the legislature upon the Hackensack Water Company. The second is that the appellants' mill property is already devoted to a public use, and that, therefore, even if it be considered that the right to exercise the power of eminent domain has been granted to the water company, such power was not conferred in terms sufficiently broad to permit that company to acquire property already devoted to a public use, and subject it to another and different one.

The Supreme Court decided each one of these contentions in favor of the water company. As to the first of them, we concur in the conclusion of the Supreme Court, and for the reasons expressed in the opinion promulgated by it.

As to the second point: The Supreme Court considered that it was not necessary to pass upon the soundness of the legal principle upon which it was rested, for the reason that normally a grist mill was not "property devoted to a public use," and that there was nothing in the depositions sent up with the return to the *certiorari* to support the claim that the appellants' mill was so devoted. Counsel for the appellants now contends that the basis of the Supreme Court's decision upon this point is unsound, for the reason that, by force of section 1 of "An act concerning mills and mill dams" (*Comp. Stat., p.* 3397), every water mill operated within our state is charged with a public use; in other words, that the owner and operator thereof is bound to accommodate all of the people who apply to him for service; and that, in order to properly serve the public, he is vested with the power

of eminent domain when the exercise of that power is necessary in order to enable him to render such service. As we read this statute, the construction thus put upon it is unwarranted. By it the legislature has declared "that any person owning a water mill which has been used as a public grist mill for the period of twenty years and upward," may, under certain circumstances, exercise the power of eminent domain within a limited scope. The use of the word "public" is significant of the legislative intent. It indicates a recognition of the fact stated in the opinion of the Supreme Court that normally the owner of a grist mill is under no obligation to serve the whole of the public, irrespective of his own wishes in the matter, any more than the owner of any other private business is bound to do so, and for this reason the legislature limits the grant of power of eminent domain to those mill owners who are under a legal obligation to render such service. To hold otherwise is, in effect, to strike the word "public" out of the statute, thus disregarding one of the cardinal rules of statutory construction, viz., that statutes are to be so construed that, if possible, full force and effect shall be given to every sentence, clause and word thereof. *Steel* v. *Freeholders of Passaic,* 89 *N. J. L.* 609.

We concur in the conclusion of the Supreme Court that this ground of appeal is also without legal merit.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KATZENBACH, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.

*For reversal*—None.