CITY OF NEWARK, PROSECUTOR, v. NEW JERSEY STATE BOARD OF TAX APPEALS AND BROADBANK CORPORATION, DEFENDANTS.

Submitted January 29, 1937—Decided May 8, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Frank A. Boettner, Jules E. Tepper, Joseph L. Lippman* and *Milton B. Conford.*

For the defendants, *Herbert J. Hannoch.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up a judgment of the state board of tax appeals reducing an assessment on

personal property of the defendant Broadbank Corporation by excluding therefrom an item of $104,088.27 representing cash on hand and on deposit on the assessment date. Exemption was claimed and granted under chapter 165, *Pamph. L.* 1933, *p.* 346, by which exemption is allowed for

. "19. Cash on hand or on deposit and loans on collateral of savings banks, mutual savings banks and institutions for savings organized under the laws of this state."

The state board of tax appeals held that this language was ambiguous and was subject to two constructions, one that the entire exemption applies solely to property of savings institutions, or two, that the exemption respecting cash and deposits applies to all persons and that respecting loans only applies to savings institutions. The board then held that the second construction should be adopted because the first construction would or might render the act unconstitutional under the case of *Tippett* v. *McGrath, Collector,* 70 *N. J. L.* 110; *affirmed,* 71 *Id.* 338, and granted the exemptions.

We are unable to concur in this conclusion for the reason that we see no ambiguity in the language of the statute. It seems clear both by the wording and by the punctuation that property of savings banks only is being dealt with. To hold otherwise would be to supply language which is not present and to do violence to the plain words of the act.

It is not necessary to deal with any other question. We find that the statute does not apply to the defendant corporation, which is neither a savings bank, mutual savings bank or institution for savings, but is a general corporation, existing under the General Corporations act, and that the exemption should not, therefore, have been allowed.

The judgment of the state board of tax appeals is reversed, and that of the county board affirmed, with costs.