HOUSEHOLD FINANCE CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS OF THE STATE OF NEW JERSEY, AND THE CITY OF NEWARK, NEW JERSEY, RESPONDENTS.

Submitted October 5, 1937—Decided December 24, 1937.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Burnett & Trelease* (*Charles C. Trelease,* of counsel).

For the respondents, *James F. X. O'Brien,* corporation counsel (*Vincent J. Casale,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a taxation case. The basic question requiring decision is whether loans secured by chattel mortgages, made by a foreign corporation authorized to do business in this state, are subject to personal property tax in pursuance of *Pamph. L.* 1918, *ch.* 236, § 305, *pp.* 847, 856.

Prosecutor, organized under the laws of the State of Delaware, maintaining its principal office in Chicago, Illinois, and authorized to do business in this state, was engaged in the small loan business (chapter 62, *Pamph. L.* 1932, *p.* 94, and acts amendatory thereof and supplemental thereto) in the city of Newark, New Jersey, where it conducted three places of business. The board of assessment and revision of

taxes of Newark assessed prosecutor's personal property for the year 1936, as of October 1st, 1935, at $814,200. That assessment was affirmed both by the Essex county board of taxation and by the state board of tax appeals. This court granted *certiorari*.

Prosecutor's place of business at 17-25 Academy street, in Newark, had four thousand eight hundred and twenty-five loans secured by chattel mortgages amounting to $518,034.82; one hundred and fifty-five unsecured loans amounting to $24,540.71; cash in bank amounting to $1,518.32; and office furniture and equipment amounting to $2,736.28. The assessment upon these items was fixed at $253,000.

Prosecutor's office at 744 Broad street, in Newark, had two thousand one hundred and thirty loans secured by chattel mortgages amounting to $254,813.61; five hundred and twenty-six unsecured loans amounting to $109,443.26; cash in bank totaling $2,190.31; and office furniture and equipment valued at $2,385.77. The assessment upon these items was fixed at $228,700.

Its third office at 605-607 Broad street, in Newark, had two thousand seven hundred loans secured by chattel mortgages amounting to $329,944.30; one hundred and seventy-one unsecured loans amounting to $24,540.71; cash in bank amounting to $2,370.37, and office furniture and equipment in the amount of $3,097.72. The assessment upon these items was fixed at $232,300.

*First:* The assessment imposed embraces four separate items: (1) unsecured loans; (2) cash in bank; (3) office furniture and equipment; and (4) loans secured by chattel mortgages. Section 305 of the act of 1918, *supra*, provides, *inter alia*, as follows:

"* * * all corporations regularly doing business in this State and not being corporations of this State shall be assessed and taxed for and in respect of the business so done by them, and all such companies other than insurance companies, *shall be assessed for the amount of capital usually employed in this State in the doing of such business*, and not otherwise taxed as real property or tangible personal property by virtue

of this act, and such assessment shall be made in the taxing district where such business is most usually carried on and transacted; *mortgages owned by corporations shall be exempt from taxation to the same extent as when owned by natural persons, and the value thereof shall be deducted from the value of the capital stock or personal property in ascertaining the valuation subject to taxation;* provided that this shall not affect or reduce any franchise tax." (Italics supplied.)

Since section 305, *supra,* makes the amount of capital usually employed by a foreign corporation authorized to do business in this state subject to a personal property tax, it follows that when, as here, intangibles of such a foreign corporation have obtained a business *situs, i. e.,* have become an integral part of the business done in a state other than the domiciliary state of the foreign corporation, then that state may levy a personal property tax upon those intangibles. *Wheeling Steel Corp.* v. *Fox,* 298 *U. S.* 193; 80 *L. Ed.* 1143; *Farmer's Loan and Trust Co.* v. *Minnesota,* 280 *U. S.* 204; 74 *L. Ed.* 371. *Cf. Newark Fire Insurance Co.* v. *State Board of Tax Appeals,* 118 *N. J. L.* 525; 193 *Atl. Rep.* 912. Thus item (1), unsecured loans, and item (2), cash in bank, (*Cf. Newark* v. *State Board of Tax Appeals,* 118 *N. J. L.* 131; 191 *Atl. Rep.* 843; *Newark Fire Insurance Co.* v. *State Board of Tax Appeals, supra*), have clearly become an integral part of the business done by prosecutor in this state. These items are, therefore, properly taxable.

The third item, office furniture and equipment, is tangible property. That property was located in the taxing district in this state where it was taxed. It, too, is therefore properly taxable. *Union Refrigerator Transit Co.* v. *Kentucky,* 199 *U. S.* 194; 50 *L. Ed.* 150; *Frick* v. *Pennsylvania.* 268 *U. S.* 473; 69 *L. Ed.* 1058 (overruled on other grounds).

The fourth item, loans secured by chattel mortgages, is the one which constitutes the true subject of prosecutor's primary attack. That attack stoutly challenges the right of the taxing authority to tax this item. Prosecutor's contention is that to subject it to such a tax is to deny to it the equal protection of the law. This contention is made to rest upon the theory

that once having been authorized to do business in the state and having otherwise complied with the law of the state, prosecutor, although a foreign corporation, stands upon equal footing with, and is entitled to, the same protection afforded by the laws of the state to a domestic corporation engaged in a business similar to that conducted by the prosecutor. *Hanover Fire Insurance Co.* v. *Carr*, 272 *U. S.* 494; 71 *L. Ed.* 372; *Erie Railway Co.* v. *The State*, 31 *N. J. L.* 531. Compare *Atlantic Refining Co.* v. *Virginia, Vol.* 82, *No.* 3, *Law Ed. Advance Opinions (United States Supreme Court)*, 52, at *p.* 57. What is that protection here?

So far as domestic corporations are concerned the law provides that they shall be taxed upon their real and personal property the same as an individual is taxed upon his similar property. Section 110, General Corporation act (Revision of 1896); see, also, section 305, chapter 236, *Pamph. L.* 1918, *p.* 856. And as far as individuals are concerned we know that no mortgages (neither upon real estate nor upon chattels) "shall be assessed for taxation unless a deduction therefor shall have been claimed by the owner of such mortgaged property and allowed by the assessor." Section 303, chapter 236, *Pamph. L.* 1918, *pp.* 854, 855. No such claimed deduction is made to appear. Prosecutor concludes, therefore, that since a domestic corporation would not, under similar circumstances, be subject to a personal property tax on its secured loans, to exact such a tax from prosecutor would be a denial of the equal protection of the law. Be that as it may, we find it unnecessary to express any opinion on that constitutional question. For our careful study and construction of the provisions of section 305, *supra,* together with all other provisions of the act, and the applicable law, lead us to the conclusion that they do not warrant or support the determination reached by the state board of tax appeals, namely, that only individuals and domestic corporations are exempt from paying a personal property tax upon such loans as they make and which are secured by chattel mortgages. Nor, in our judgment, do the authorities cited by the state board of tax appeals support that determination.

In the case of *Tatem* v. *Wright et al.*, 23 *N. J. L.* 429, the court had before it the concededly limited question "whether the agents of foreign insurance companies doing business * * * in this state, are liable to the tax assessed upon them * * * by virtue of the act entitled, 'An act relative to insurance companies,' approved April 15th, 1846." And all that case decided was that the tax thus imposed for doing business did not conflict with the clause of the federal constitution which guarantees to the citizens of each state the privilege and immunities of citizens in the several states; and that a corporation was not, save for purposes not here involved, a citizen within the purview of that clause.

As to the other authorities cited, let it suffice to observe that, in our opinion, the state board of tax appeals failed to recognize the well drawn difference between the powers of a state to exact or impose a fee for the right or privilege of a foreign corporation to enter into and do business in that state, and the power of a state to impose taxes upon a foreign corporation after its admission into that state. Compare *Atlantic Refining Co.* v. *Virginia, supra* (at *p.* 57).

We must bear in mind that the tax here imposed is not a tax imposed upon the right of a foreign corporation to enter into and do business in this state; it is simply a tax imposed upon the property of a foreign corporation after its admission into this state. Notwithstanding the tax base specified in the act, *i. e.*, "the amount of capital usually employed in the state," that tax, under our constitution and decisions, must be imposed upon all property under "general laws and by uniform rules according to its true value." Article IV, section 7, paragraph 12 (New Jersey State Constitution).

We must also bear in mind the cardinal principal for the construction of statutes is that they are to be construed so that, if possible, full effect shall be given to all parts of the statute. And a statute ought upon the whole to be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void or insignificant. *Steel* v. *Freeholders of Passaic* (*Court of Errors and Appeals*), 89 *N. J. L.* 609; 99 *Atl. Rep.* 318; *Bogert* v. *Hackensack*

*Water Co. (Court of Errors and Appeals)*, 101 *N. J. L.* 518, 520; 129 *Atl. Rep.* 138; *Beard* v. *Aldrich,* 106 *N. J. L.* 266, 270; 149 *Atl. Rep.* 57; *affirmed,* 107 *N. J. L.* 516; 154 *Atl. Rep.* 629.

With these observations let us revert to section 305, *supra,* especially that portion thereof which provides as follows:

"305. Corporations of this State shall be regarded as residents and inhabitants of the taxing district where their chief office is located, and *their personal property shall be taxed the same as that of an individual,* except as in this act otherwise provided; * * *." (Italics supplied.)

And, notwithstanding section 303, *supra,* under which, when read in connection with section 305, *supra,* domestic corporations were already exempt from the tax in question, we find that section 305, *supra,* concludes as follows:

"* * * mortgages owned by corporations shall be exempt from taxation to the same extent as when owned by natural persons, and the value thereof shall be deducted from the value of the capital stock or personal property in ascertaining the valuation subject to taxation; provided that this shall not affect or reduce any franchise tax."

It, therefore, appears to us, and we so hold, that the exemption of mortgaged property applies to foreign corporations as well as to individuals and domestic corporations. Were this not so, clearly there would be no need in this act for the last quoted and concluding portion of section 305, *supra;* it would be insignificant and superfluous. For domestic corporations, just as individuals, were already exempt under section 303, *supra.* We are, therefore, of the opinion that the tax imposed upon prosecutor's mortgaged loans was improper.

*Second:* Prosecutor was indebted to the Fidelity Union Trust Company in the sum of $300,000. It filed a claim for deduction for that amount. Counsel agreed that the claim was filed within time and in statutory form. The state board of tax appeals, however, found upon examination of the claim filed that it was not in statutory form, and disallowed it.

It should be marked that the portion of the $300,000 debt allocated to the Newark offices was, on the assessment date, but $20,731.91. This amount, therefore, is all that can be

deducted, if in fact, anything at all should be deducted. Our statute (section 303, chapter 236, *Pamph. L.* 1918, *p.* 854) is explicit and mandatory in its provisions concerning deductions. The claim as filed was neither properly signed nor sworn to, nor did it otherwise comply with the provisions of the act. It is argued that there was a substantial compliance. Substantial compliance with the provisions of the act, however, is insufficient. The claim for deduction was properly disallowed. *Cf. Herdman Motor Co.* v. *State Board of Tax Appeals,* 119 *N. J. L.* 164.

*Third:* Prosecutor further contends that "the assessments should be reduced to an amount in relation to [its] assessable valuation commensurate with the common level of assessments on competing small loan companies in the same district in relation to their assessable valuations." In other words, the claim is that the challenged assessments are discriminatory. Prosecutor classifies this contention as a secondary ground of attack. The state board of tax appeals correctly held that this claim was not sustained. Other small loan companies whose property was claimed to be undervalued were not made parties. The procedure was fatally defective. *Royal Manufacturing Co.* v. *Board of Equalization of Taxes,* 76 *N. J. L.* 402; 70 *Atl. Rep.* 978; *affirmed,* 78 *N. J. L.* 337; 74 *Atl. Rep.* 525. And the proofs utterly fail to support the charge. *Cf. Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *N. J. L.* 5, 14; 169 *Atl. Rep.* 489, *certiorari* denied, 293 *U. S.* 568; 79 *L. Ed.* 667.

We have carefully examined all other points raised and argued and find that they merit no discussion; they are without merit.

Accordingly, the assessments upon unsecured loans, cash in bank, and office furniture and equipment are affirmed; the assessment upon the loans secured by chattel mortgages is reversed. Since each party is successful in part no costs are allowed. *Moore* v. *Splitfdorf Electrical Co.* (*Court of Errors and Appeals*), 114 *N. J. Eq.* 358, 368; 168 *Atl. Rep.* 741; *Pennsylvania Company, &c., Annuities* v. *Powers* (*Court of Errors and Appeals*), 122 *N. J. Eq.* 370; 194 *Atl. Rep.* 86.