STATE BOARD OF TAX APPEALS.

## CITY OF NEWARK, PETITIONER, v. HOUSEHOLD FINANCE CORPORATION, RESPONDENT.

Decided May 7, 1940.

For the petitioner, *James F. X. O'Brien* (by *Vincent J. Casale*).

For the respondent, *Burnett & Trelease* (by *Charles C. Trelease*).

QUINN, President.   The petitioner taxing district levied for the year 1938 an assessment for personal property taxes upon respondent in the sum of $197,400.   Upon appeal to the Essex County Board of Taxation, the assessment was reduced to the sum of $10,000, and the taxing district now prays, before this board, for a restoration of the levy as originally made.

Respondent is a Delaware corporation, with executive offices in Chicago, Illinois, and is engaged in the city of Newark, as well as elsewhere, in the "small loan" business, operating in that taxing district from three local offices.   From the

record before us, it is clear that upon the assessing date for the year in question, the company held unsecured loans receivable at its Newark offices, in the aggregate of $190,963.25, cash in the amount of $6,511.40, and office furniture and equipment having a true value of $8,143.84. Although respondent is a foreign corporation, taxable "for the amount of capital usually employed in this state in the doing of such business" (*i. e.,* business done in this state), *Pamph. L.* 1918, *ch.* 236, § 305; *N. J. S. A.* 54:4-19), the intangible property referred to has obtained a business *situs* in this state, and is properly assessable to respondent in the city of Newark. *Household Finance Corp.* v. *State Board of Tax Appeals* (*Supreme Court,* 1937), 119 *N. J. L.* 230; 196 *Atl. Rep.* 219.

The substantial question presented for determination upon this appeal, however, is whether respondent was entitled to a deduction from the amount of its intangible property listed with the assessors of the city of Newark, of a debt due and owing from it to the Fidelity Union Trust Company, a New Jersey banking corporation, in the sum of $260,000, on the assessing date. If not, the original assessment must be reinstated. Section 305, cit. *supra,* specifically dealing with the taxation of foreign corporations, contains no express proviso permitting any deduction of debts from the "capital employed," upon which the tax is leviable. Nor is there any specific indication in Section 303 (*N. J. S. A.* 54:4-14), providing for the deductibility of debts, generally, as to whether its scope is intended to extend to foreign corporation taxpayers. As found in *N. J. S. A.* 54:4-14, the statute follows:

"After making the valuation of the personal property for which a person shall be assessed the assessor may deduct therefrom all debts *bona fide* due and owing from such persons to creditors residing in the state, but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, the total amount of personal property of the claimant, including debts owing to him from solvent debtors, and also that no part of the debt was incurred for the purpose of reducing the

taxes of the claimant, and that the stated value of the personal property of the claimant includes not only that to which he holds title or possession, but also that to which any other person holds title or possession for the claimant, whether in trust or not. A claim on behalf of a corporation shall be subscribed and sworn to by the president or principal officer."

After careful consideration of the authorities, we must conclude that foreign corporations are not within the intent of the act, and further, that if they were, the debt with which we are here concerned could not in any event be deducted, under the particular facts presented.

In *Household Finance Corp.* v. *State Board of Tax Appeals* *(Supreme Court,* 1937), 119 *N. J. L.* 230; 196 *Atl. Rep.* 219, the Supreme Court had before it on *certiorari* the 1936 personal property assessment levied by the city of Newark against this respondent. The court was there primarily concerned with the right of a foreign corporation to exemption from taxation of that part of its capital employed in this state, which consisted of loans secured by chattel mortgages, and the issue was determined in favor of such allowance. *N. J. S. A.* 54:4-19.1. With respect to a claim for the deduction of a debt, in the sum of $300,000, owing to a New Jersey creditor, the court held that the taxpayer had not strictly complied with the conditions precedent, contained in section 303, respecting the filing of its claim for the deduction, and it was therefore disallowed. In any event, the more fundamental question, as to the general right of a foreign corporation to such a deduction, does not appear to have been argued before the court, and is not adverted to in the opinion. The court did, however, make the following observations (at *p.* 235):

"It should be marked that the portion of the $300,000 debt allocated to the Newark offices was, on the assessment date, but $20,731.91. This amount, therefore, is all that can be deducted, if in fact, anything at all should be deducted."

A review of the testimony adduced before the board at the hearing in the present case leaves no doubt of the fact that no part of the $260,000 debt for which deduction is claimed in this case was "allocated" to respondent's business at its

Newark offices.   The debt represents the total of three loans, in the sums of $40,000, $140,000 and $80,000, made on September 27th, 1937, from the Fidelity Union Trust Company. While respondent's books show these transactions as loans made by the 605 Broad street, 744 Broad street and 17 Academy street offices of the company, respectively, the borrower, in each instance, was actually Household Finance Corporation, respondent herein.   No mere book entries can make these transactions local, rather than home office business, if the facts belie such characterization.   Each of the loans was on a ninety-day note and the funds were immediately transmitted to the Chicago headquarters of the corporation.   What their ultimate disposition was, does not appear, but it is clearly established that they were not used in any aspect of the Newark business of the company.   Cross-examination of an assistant treasurer of the respondent by counsel for the petitioner taxing district brought out that these moneys were not even needed in the Newark offices of the company.   At the maturity of the notes, they were paid in full by an advance of funds from the Chicago headquarters of the company.   In this view of the situation, we find it impossible to say that the debt in question was "allocated," under any reasonable or realistic construction of that term, to the Newark business of the respondent corporation.   See *Household Finance Corp.* v. *City of Newark (State Board),* June 13th, 1939.   To the extent that rules governing localization for tax purposes of credits owned by a foreign corporation may be deemed properly analogous to the present problem of local "allocation" of debts, it is clear that these debts should be regarded as attributable to the executive offices of the company in Chicago, where the decision to incur them was made, where the proceeds were returned, where, presumably, the proceeds were used, where it was decided to repay them, and whence came the funds for that purpose.   See *Wheeling Steel Corp.* v. *Fox,* 208 *U. S.* 193 (at *p.* 212); *General Motors Corp.* v. *City of Linden (State Board),* filed September 12th, 1939; *affirmed (Supreme Court,* 1940), 124 *N. J. L.* 212.   Compare the language of a New York court in referring to a debt of a foreign corporation taxpayer as not having been

shown to be incurred, "in respect to the specific assets which are found within the state." *People, ex rel. Manhattan Silk Co.* v. *Miller,* 125 *App. Div.* 296; 109 *N. Y. Supp.* 829; and see 2 *Cooley, Taxation* (1924), § 919.

The deductions must be disallowed, moreover, for failure of literal and strict compliance with section 303, in that the statement of claim filed by the respondent with the city does not set forth "the total amount of personal property of the claimant," as required by the section, but only its tangibles, cash, and loans receivable in this state. The Supreme Court has held that this proviso must be strictly complied with (*Household Finance Corp.* v. *State Board of Tax Appeals, supra* (at *p.* 236), and, literally construed, requires a specification by the corporation of all of its property, including that located without the state as well as that situated here. The Court of Errors and Appeals so held, in a precisely parallel situation, in *State, Tatem* v. *McChesney* (1871), 35 *N. J. L.* 548. The court there rejected the contention urged on behalf of an individual non-resident taxpayer, who sought a deduction for debt, but who had filed a claim setting forth only personalty situated in New Jersey (under the act of 1866), that the object of the statute, as applied to non-residents, did not require a construction of the provision governing statements of claim for deductible debts, which would make it necessary for the taxpayer, literally, to set forth his total real and personal estate, as specifically required by the act. The court said (at *p.* 550) :

"* * * it is clear that courts have no power to dispense with clear and positive directions of a statute because the usefulness of such directions does not appear, and because they occasion unnecessary trouble."

Respondent's statement of claim having failed to set forth its personal property situated out of the state, it has failed to comply with the clear directions of the statute, and its claim for deduction must, for this additional reason, be disallowed.

And, finally, it is our considered opinion that our taxing statutes, taken as a comprehensive whole and in the light of the history of the sections under consideration, do not under

any circumstances contemplate the allowance of deductions for debts in favor of foreign corporation taxpayers. Section 305 of the Tax act of 1918, providing for the taxation of both domestic and foreign corporations, is now constituted by *N. J. S. A.* 54:4-18 and 54:4-19.

These read as follows:

"54:4-18. Corporations of this state shall be regarded as residents and inhabitants of the taxing district where their chief office is located, and their personal property shall be taxed the same as that of an individual, except as in this chapter otherwise provideḍ.

"54:4-19. All corporations regularly doing business in this state and not being corporations thereof shall be assessed and taxed for and in respect of the business so done by them, and all such companies other than insurance companies, shall be assessed for the amount of capital usually employed in this state in the doing of such business, and not otherwise taxed as real property or tangible personal property by virtue of this chapter. The assessment shall be made in the taxing district where the business is most usually carried on and transacted."

The verbiage of *N. J. S. A.* 54:4-19 may be traced back to section 19 of the Tax act of 1866, which, in substance, provided:

"That all corporations regularly doing business in this state and not being corporations of this state, shall be assessed and taxed for and in respect of the business so done by them and transacted in this state * * *" (the section then provides for the regulation of agents of foreign insurance companies) "and all other corporations not incorporated by this state, and agents doing business in this state as aforesaid, shall be assessed for the amount of capital usually employed in this state in the doing of such business not otherwise taxed by virtue thereof."

Section 15 of the same act required the assessment of domestic corporations for the full amount of their capital stock paid in and accumulated surplus, and in the case of corporations having no capital stock, for their assessment for the full amount of their property and assets, *without any*

*deduction for debts and liabilities.* Section 20 of the act, as noted hereinabove, allowed a deduction of debts from the taxable estate of individuals. It is fairly presumable, however, that under the act it was not intended that foreign corporations should have the right of such deduction, where it was specifically denied to domestic corporations for purposes of estimating their taxable property and assets. The capital of a corporation, in the most general sense of such a designation, connotes "the fund with which it transacts its business, and embraces all its property, real and personal, constituting the assets of the corporation." *Wetherbee* v. *Baker* (*Court of Errors and Appeals,* 1882), 35 *N. J. Eq.* 501, 505. The express proviso in section 19 of the act of 1866, for the assessment of the amount of "capital employed" by foreign corporations in this state, therefore, would appear to have constituted a clear direction for the taxation in this state of the entire fund with which such corporations did business in the state, entirely without reference to the existence of any debts owing by the corporation.

By a supplement to section 105 of the Corporation act of 1875, *Pamph. L.* 1878, *p.* 61, it was enacted that the real and personal estate of every domestic corporation should be taxed in the same manner as is that of individuals. By this proviso, and its reiteration thereafter in the Tax act of 1903 chapter 208, page 394, section 16) and in the General Tax act of 1918, section 305, there was secured to domestic corporations the clear right enjoyed by individual taxpayers to deductions for debts. We cannot help but regard it as significant that on the other hand the formula for the assessment of foreign corporations remained substantially unchanged from what it was under the act of 1866, at which time, as noted above, it cannot be supposed to have contemplated a right of deduction for debts not then accorded even to domestic corporations. In this connection see *State, Tatem* v. *McChesney,* cit. *supra,* cited above in another connection, which held that under section 20 of the act of 1866, nonresident individuals were not entitled to deductions for debts.

Some stress has been laid by respondent on the argument that section 305 should be construed to allow the deduction

claimed, as otherwise there would be occasioned an unconstitutional denial of the equal protection of the laws, guaranteed under the Fourteenth Amendment to the United States Constitution, to the foreign corporation thus deprived of a tax advantage accorded to domestic corporations. *Hanover Fire Insurance Co.* v. *Carr,* 272 *U. S.* 494. While we, as an inferior statutory tribunal, do not ordinarily presume to express any views with respect to the constitutionality of legislation before us, we may observe that we do not regard the point as well taken, as applied to the situation before us. Foreign corporations are taxable in this state with respect to such of their intangibles only as have acquired a business *situs* here, whereas domestic corporations are subject to taxation in this state for all of their intangibles, including those which have assumed business *situs* elsewhere. *Cream of Wheat Co.* v. *County of Grand Forks* (1920), 253 *U. S.* 325; *Newark Fire Insurance Co.* v. *State Board of Tax Appeals* (*Supreme Court,* 1936), 118 *N. J. L.* 525; 193 *Atl. Rep.* 912; (1939), 307 *U. S.* 313. The framework of the tax base set up by the legislature for application to domestic corporations, as judicially construed, is not comparable with that enacted for the taxation of foreign corporations, as it was in the Illinois situation adjudicated by the Supreme Court in the *Hanover Fire Insurance Co.* case. In these circumstances, we do not concur in the view urged, that for this state to allow domestic corporations a deduction, against their taxable intangibles, of debts owing to creditors residing in New Jersey, while denying it to foreign corporations, against their capital employed in the doing of business here, constitutes a denial of the equal protection of the laws, as to the latter.

For any of the foregoing reasons, respondent is not entitled to the deduction for debts herein claimed, and the judgment of the Essex County Board of Taxation will therefore be reversed, and the assessment ordered restored to the sum of $197,400.