STATE BOARD OF TAX APPEALS.

ESTATE OF THOMAS J. STEWART, PETITIONER, v. CITY OF JERSEY CITY, RESPONDENT.

Decided May 17, 1943.

For the petitioner, *McCarter, English & Egner* (by *Conover English*).

For the respondent, *Charles A. Rooney* (by *Frank P. McCarthy*).

WAESCHE, President. This is an appeal from the judgment of the Hudson County Board of Taxation sustaining, *in toto,* an assessment of $106,700 on personalty, instituted by the Estate of Thomas J. Stewart against the City of Jersey City. The appeal seeks the cancellation of the entire assessment.

At the hearing of the case it was conceded by the City of Jersey City that the assessment could not be sustained in a

sum greater than $54,993.96 and certain questions were left open for the decision of this Board concerning the same. The questions left open, except one which is discussed later, are briefly as follows:

Petitioner claims that it is entitled to deduct as debts, under the provisions of *R. S.* 54:4-14; *N. J. S. A.* 54:4-14, an item of $528.40, being taxes for the last quarter of 1940 on real estate situate in New Jersey, on the theory that these were debts due and owing at the time of the death of the decedent and likewise on the assessing date; a further item of $2,002.48, being taxes for the year 1941, levied on this real estate, on the theory that these taxes became a debt of the estate on the assessing date, October 1st, 1940, the decedent having died October 6th of that year; third, the balance of rent, amounting to $1,925, on a lease which, however, was unmatured by reason of the fact that decedent was obligated on a lease on a property at 50 Glenwood Avenue, Jersey City, to pay further rent in that amount, and fourth, the principal and interest accrued up to the death of decedent, of two mortgages on a piece of New York real estate held by a New Jersey corporation, the Morco Company, amounting to a sum in excess of $180,000.

As to the first two claims for deductions, although it is conceded that the statute permits the deduction of debts under certain circumstances, the question raised is as to whether taxes are a debt within the meaning of the section. The Board holds they are not. Our Court of Errors and Appeals has declared a property tax to be an impost, and neither a debt nor a contractual obligation. *Brunner, Director of Revenue and Finance,* v. *Morrison et al.,* 123 *N. J. Eq.* 224; 196 *Atl. Rep.* 716.

As to the third item, the balance of rent accruing *in futuro* on an unexpired lease (not including rent due at decedent's death or the assessing date), the Board likewise finds that this is not a debt. This finding is not altered by the fact that neither the tenant, nor his executor, under the terms of the lease, could cancel the same upon sixty days' notice, upon the death of the wife of the tenant or the tenant, or by an option in the will by which the widow might use up the balance of

the term at the expense of the estate if she so desired. Obviously, she could not have exercised this option until after the assessing date. If petitioner's contention were correct the Board would be holding, in principle, that future rent due on any lease, whether for one or one thousand years, could be deducted as a debt by any taxpayer. Petitioner states that the purpose of *R. S.* 54:4-14; *N. J. S. A.* 54:4-14 is to avoid double taxation. *Finnegan* v. *Jersey City,* decided by this Board April 21st, 1942. Conceding this to be true, petitioner is not assessed on the value of decedent's leasehold. Petitioner ignores the fact, in making the contention it does, that the duty to pay rent in the future is conditioned upon the *quid pro quo* of possession and enjoyment in the future and that the interruption of this possession by surrender, eviction, destruction of the premises and by various other facts, would dissolve this duty to pay. In other words, the future duty to pay rent is conditioned upon the receipt of a future benefit. To hold such rent to be a debt under this section of the act would be such a piece of artificial construction as to circumvent the objects of the section.

As to the fourth item, petitioner claims to be entitled to deduct the principal of two mortgages on the same property, to secure the sum of $180,000, together with accrued interest up to decedent's death, amounting to $2,925. Decedent was on the bonds of both mortgages. It is conceded that the principal was not due at decedent's death in either case and when the principal did fall due in 1941 it was extended until 1946. The property, situate in the heart of New York City, was worth at decedent's death $530,000. The fortunate circumstances of which petitioner seeks to avail itself is that the creditor happens to be a New Jersey corporation and not, as would be the usual case, a resident of New York. Hence, petitioner seeks deduction because the mortgagee is a creditor resident in New Jersey. Petitioner concedes that were the property situate in New Jersey it could not claim this deduction. This is so because at first instance the entire tax burden on the land is borne by the owner, who may claim credit on his interest if entitled to do so, for taxes paid in behalf of the mortgagee. See *R. S.* 54:4-15; 54:4-33; *N. J. S. A.*

54:4-15, 54:4-33. As a matter of common knowledge, mortgages universally provide for the assumption of all tax burdens by the mortgagor. The Board has held recently that this is the mortgagor's sole recourse and that he cannot deduct his mortgage bonds as debts under *R. S.* 54:4-14; *N. J. S. A.* 54:4-14. *Finnegan* v. *Jersey City, supra.*

The Board sees no reason why the deduction should be allowed here. The record is barren as to the tax situation in New York, and the Board has no right to infer facts favorable to the petitioner. Neither the mortgage nor a copy thereof is in evidence. The Board does not believe that it should infer that as part of the usury for the loan of the money, the mortgagor did not agree to pay these taxes. Petitioner says that the purpose of the allowance of *bona fide* debts under section 54:4-14 is to prevent double taxation. This is so with certain exceptions, two of which are that such deduction is limited to intangibles; see *R. S.* 54:4-15; *N. J. S. A.* 54:4-15, and further that the deduction is limited to the debts due resident creditors. The object of the statute is to tax net equity, determined after deduction of debts from gross assets. See *Finnegan* v. *Jersey City, supra.* How will the treating of a security of $530,000 as if it did not exist, and thus permitting the offset of a debt of $180,000 against what remains of the assets of the estate, effect the purpose sought to be accomplished by the statute? The answer is obvious. The Board finds that the fortunate coincidence that the creditor is domestic can thus be employed to create a most unjust result.

These deductions as a credit cannot be allowed for one further reason, and that is that under *R. S.* 54:4-14; *N. J. S. A.* 54:4-14 in order that the assessor may be compelled to make deduction for debts the claim must be filed in the form therein prescribed. It must be under oath and it must state, among other things:

"No part of the debt so incurred for the purpose of reducing the taxes of the claimant and that the stated value of the personal property of the claimant includes not only that to which he holds title or possession, but also that to which any other person holds title or possession for claimant, whether in trust or not."

Exact compliance with all requirements of the section is essential, and substantial compliance is not sufficient. *Household Finance Co.* v. *State Board of Tax Appeals (Supreme Court,* 1937), 119 *N. J. L.* 230; 196 *Atl. Rep.* 219; *Household Finance Co.* v. *State Board of Tax Appeals (Supreme Court,* 1941), 126 *N. J. L.* 399; 19 *Atl. Rep.* (*2d*) 816. The claim for deduction is not filed in the manner prescribed by statute because it fails to contain the statement hereinbefore quoted.

The last question left open for the decision of the Board is whether or not there should be deducted from the foregoing amount the sum of $14,442.26, being the value of the stocks of foreign corporations held by the decedent. This is claimed under that section of the law, *R. S.* 54:4-3.2; *N. J. S. A.* 54:4-3.2, which exempts the personal property of taxpayers situate out of the state, upon which taxes shall have been actually assessed and paid within twelve months next before the assessing date of October 1st. The petitioner was unable to prove the payment of these taxes by the corporations in question, but urges that this Board should presume that the taxes are paid because of the fact that there is a presumption, in view of the regularity and honesty of the action of others, and that the corporations in question are companies of repute, which ordinarily pay their taxes. This theory is not tenable for two reasons. First, one claiming exemption from general taxation must adduce facts bringing his case within the statute granting exemption. *Princeton Country Day School* v. *State Board of Tax Appeals,* 113 *N. J. L.* 515; 175 *Atl. Rep.* 136. Secondly, there is presumption that a tax assessment made by the proper authority is correct. *New Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490; 193 *Atl. Rep.* 844.

The additional claims for deductions are denied, and the assessment, in accordance with the agreement of the parties, is herewith reduced to $54,993.96.

Judgment accordingly.