STATE BOARD OF TAX APPEALS.

CITY OF NEWARK, PETITIONER, v. INTERNATIONAL BUSINESS MACHINES CORPORATION, RESPONDENT.

Decided July 13, 1943.

For the petitioner, *Raymond Schroeder* (by *Vincent Casale*).

For the respondent, *Sydney G. Soons.*

KRAEMER, M. B. This is an appeal by the City of Newark from the judgment of the Essex County Board of Taxation, reducing the personal property assessment for the year 1941 of International Business Machines Corporation, a foreign corporation, from $500,000 to $452,947.86.

It appears that the respondent made its return to the assessors of Newark, based upon the ownership of tangible property to the amount of $451,784.19. Respondent further stated that it had accounts receivable amounting to $26,264.89. The $500,000 assessment is based upon these two items and the additional amount of the assessment is justified by petitioner as capital employed by this foreign corporation in doing business.

The first two items appear proper, both in the return and upon the testimony offered by respondent.

The third item, forming the balance of the original assessment, namely, $21,950.92, is attempted to be justified in *R. S.* 54:4–19; *N. J. S. A.* 54:4–19, which states:

"All corporations regularly doing business in this state and not being corporations thereof shall be assessed and taxed

for and in respect of the business so done by them, and all such companies other than insurance companies, shall be assessed for the amount of capital usually employed in this state in the doing of such business, and not otherwise taxed as real property or tangible personal property by virtue of this chapter. The assessment shall be made in the taxing district where the business is most usually carried on and transacted."

Considering the fact that the return fails to include any such item, but that the testimony discloses an annual business done out of the Newark office in excess of $700,000; that the expenses of doing business, other than payroll, were $59,490; that the Newark office employed 104 persons and that the payroll of this office was in excess of $311,000 a year, and that counsel who represented the corporation gave no figures indicating that the assessment in this respect was improper or unfair, the Board feels that the item of $21,950.92 should stand.

Respondent in turn made claim, as an item of deduction from intangibles, certain debts due various creditors, residing in Newark, in the sum of $13,325,509.25, the largest item being a claim of $13,122,791.66 due Prudential Insurance Company of America on bond issues, with accrued interest. At the hearing it sought deduction for such portion of this debt as would be allocable to its Newark office, according to *Household Finance Co.* v. *State Board of Tax Appeals,* 119 *N. J. L.* 230; 196 *Atl. Rep.* 219. Petitioner resists this deduction on the ground that a foreign corporation is precluded from making the same under the statute. The present state of the law appears to be contrary to this contention. *Household Finance Corp.* v. *State Board of Tax Appeals,* 126 *N. J. L.* 399; 19 *Atl. Rep.* (*2d*) 816.

However, another and far more serious obstacle presents itself to this allowance. The statute which governs the deduction for debts, *R. S.* 54:4–14; *N. J. S. A.* 54:4–14, states as follows:

"After making the valuation of the personal property for which a person shall be assessed the assessor may deduct therefrom all debts *bona fide* due and owing from such per-

sons to creditors residing in the state, but no such deduction shall be made unless the debtor shall make claim therefor in writing under oath and therein set forth the debts owing by him, when incurred, to whom owing and where the creditor resides, the total amount of personal property of the claimant, including debts owing to him from solvent debtors, and also that no part of the debt was incurred for the purpose of reducing the taxes of the claimant, and that the stated value of the personal property of the claimant includes not only that to which he holds title or possession, but also that to which any other person holds title or possession for the claimant, whether in trust or not. A claim on behalf of a corporation shall be subscribed and sworn to by the president or principal officer."

The deduction in question was made in a separate schedule annexed to the printed return and the affidavit in connection therewith, taken by the vice-president of respondent, reads as follows:

"This claim is filed in good faith under oath and seal and is executed in behalf of International Business Machines Corporation by the undersigned, principal officers of said corporation."

The printed form supplied by the city, which was sworn to by the secretary and treasurer of the corporation, left blank the portion thereof relative to debts of the corporation and referred the local assessors to the annexed schedule. This printed form, however, contained the words:

"The following is a just and true statement of debts due and owing, by the corporation, firm or individual making this return, to creditors residing in the State of New Jersey, on October 1st, 1940, with the names and addresses of such creditors and no part of such indebtedness was created for the purpose of reducing the tax."

Giving this the construction most favorable to respondent, namely, that the affidavit of the vice-president shall be read in connection with the return signed by the secretary and treasurer, the claim must fail in two respects:

1. It fails to contain "the total amount of personal property of the claimant, including debts owing to him from

solvent debtors." *Household Finance Corp.* v. *State Board of Tax Appeals,* 126 *N. J. L.* 399; 19 *Atl. Rep.* (2d) 816.

2. It likewise fails to contain a statement "that the stated value of the personal property of the claimant includes not only that to which he holds title or possession, but also that to which any other person holds title or possession for the claimant, whether in trust or not."

Full and exact compliance with the statute in this regard is imperative, in order to enforce deduction of this nature by assessors. Substantial compliance is insufficient. *Household Finance Corp.* v. *State Board of Tax Appeals,* 119 *N. J. L.* 230; 196 *Atl. Rep.* 219.

From the foregoing it is quite apparent that the deduction sought cannot be allowed to respondent. Wherefore, the original assessment of $500,000 must be reinstated.

Judgment accordingly.